No. 13.—JEFFERSON ROBERTS, plaintiff in error, vs. HENRY F. WILLINK Sen., defendant in error.

[1.] A covenant "to offer to H. F. W. *four promissory notes,* with good and sufficient endorsers thereon," does not bind the covenanter to *make* and offer his own promissory notes.

[2.] The Courts cannot interpose terms which impose obligations on parties, not warranted by their covenant as expressed.

Suit to recover rent. In Chatham Superior Court, decision by Judge FLEMING. At chambers, 1856.

This case was argued before Judge FLEMING upon the following statement of facts.

1st. Henry F. Willink, Sr., leased certain property to E. F. Kinchley, on the eighteenth day of September, 1850, for the term of one year from November 1st, with the privilege of renewing the same for five years, stipulating that the lessee should on or before the first day of August in each year, tender to the said H. F. Willink, four promissory notes, with good endorsers, for the rent of the ensuing year.

2d. That if at the expiration of the lease the lessees should desire to rent the said property for another year, it might be done by tendering four notes as aforesaid; endorsed as before, for the rent of the ensuing year, said notes to be tendered on or before the first day of August, as before.

3d. E. F. Kinchley, some time in the year 1853, assigned

said lease to Robert Austin and by Austin to Roberts on June 9th, 1856.

4th. After said assignments, and until the first of August, 1855, the terms of the lease were complied with, by the tender and acceptance of the notes of E. F. Kinchley, endorsed as required by the terms of the lease.

5th. The lease expired on the first day of November, 1855, unless renewed for one year by a compliance with its terms.

6th. On or before the first day of August 1855, Jefferson Roberts, tendered his own note with good endorsers, endorsed for the rent of the ensuing year, which was refused by Willink.

7th. The notes of Kinchley endorsed for the said rent were not tendered.

It is agreed between counsel for both parties that the above state of facts is correct, and that on said facts argument shall be had, whether Roberts, the said assignee, is entitled to the possession of said premises for the current year, or whether the lease did not expire on the first of November, 1855, by the failure to comply with its terms.

It is further agreed, that the rents due by the several tenants now in possession, shall be held up to await the decision of said cause. Any tender of rent by Roberts being waived without prejudice to either party.

JOHN M. GUERARD,<br>
Defendant's Attorney.<br>
WARD & OWENS,<br>
Plaintiff's Attorney.

LEASE.

"GEORGIA,  }
CHATHAM COUNTY.  }

"This indenture, made this eighteenth day of September, in the year of our Lord one thousand eight hundred and fifty, between Henry F. Willink, Senior, of the City of Savan-

nah, on the one part; and Edward F. Kinchley, now of the City of Augusta, of the second part,

Witnesseth, that the said party of the first part, for and in consideration of the covenants and agreements hereinafter and by these presents mentioned, to be kept by the party of the second part, doth grant lease and to farm let, unto the said party of the second part, all that wharf lot in the city of Savannah known as Willink's wharf, commencing at the Union Ferry wharf and running three hundred and thirty feet east on Savannah river to Lamar's wharf, and extending south to Bay street continued, save the south-west corner as now in possession of the Savannah Gas company, with all the buildings on the same, save the one on the south side nearest the part of said lot in possession of the Savannah Gas company, and now occupied as a Block shop, together with all and singular the appurtenances thereto belonging or in any wise appertaining, to have and to hold the said wharf lot and buildings with the appurtenances, unto the said party of the second part, from the first day of November next, for the full end and term of one year, then next ensuing.   And the said Edward F. Kinchley, for himself, his executors and administrators, doth by these presents, covenant and agree, well and truly to pay to the said Henry F. Willink, his executors and administrators, the full and just sum of two thousand dollars per annum, during the term aforesaid, in equal quarterly payments of five hundred dollars, the first payment to be made on the first day of February next.   And the said Henry F. Willink, party of the first part, for himself, his heirs, executors and administrators, covenants to, and with the said Edward F. Kinchley, party of the second part, that he, the said Henry F., will for each and every year, for the term of five years, next succeeding the first day of November, eighteen hundred and fifty-one, if desired by the said Edward F., renew the lease upon the same conditions and covenants as are herein contained; Provided nevertheless, that, the said Edward F. shall on or prior to the first

day of August, in each and every year of the said five years, offer to the said Henry F. four promissory notes, with good and sufficient endorsers thereon, for five hundred dollars each, payable on the first days of February, May, August and November, respectively, of the year next ensuing, said promissory notes, being the annual rent of two thousand dollars, due and payable as aforesaid. And provided, that, the said Edward F. may terminate the lease and decline renewal thereof at the expiration of any year of the said five years. And that the said Henry F. doth further covenant to and with the said Edward F., that for and during the term of the aforesaid lease, or so long as the said lot and premises are kept by the said Edward F., that the said Henry F. will keep the wharf, lot and buildings in good and proper repair, by repairing all injuries resulting from ordinary wear and tear and decay. And the said Henry F. further covenants to, and with the said Edward F., that he will remove the house at present occupied as a Block shop, in this lease reserved, within fifteen days after his receipt of a written notification to that effect, from the said Edward F., or that the same shall pass into the use and possession of the said Edward F., in the same manner as the other property in this lease demised. And the said Henry F. doth further covenant to and with the said Edward F., that at the expiration of the five years herein mentioned, that is on the first day of November, in the year one thousand eight hundred and fifty-six, that he the said Henry F. will make and execute to and with the said Edward F., a lease similar to these presents, save and except that the said Edward shall pay annually for said lot and premises, (and a covenant thereof in said lease to be inserted,) the highest amount which any responsible person shall bona fide offer as an annual rent for said lot and premises. And the said Edward F. doth covenant with the said Henry F. that if the rents above mentioned shall remain unpaid for the space of three days, next after the period wherein the same ought to be paid, as above specified,

that then and in that case, it shall and may be lawful for the said Henry F., his executors and administrators, into and upon the said premises, and every part and parcel thereof, in the name of the whole, to re-enter and the same to have again, repossess and enjoy, and the occupier or occupiers of said demised premises from thence utterly to expel, remove and put out; and further the said Edward F., his executors and administrators, shall and will deliver peaceable possession of the said premises in the same good order as they are now, fire, ordinary decay, and unavoidable accidents excepted, at the full end and expiration of this lease or the renewal, if such renewals are desired by the said Edward F., to the said Henry F., his executors; administrators or assigns. In witness whereof, the parties to these presents have hereunto set their hands and seals, on the day and year first above written.

H. F. WILLINK, [L. s.]

E. F. KINCHLEY, [L. s.]

Per R. AUSTIN, Atty."

Signed, Sealed and delivered in the presence of

WILLIAM J. HARTY.

W. WRIGHT.

R. RAIFORD, J. P.

It was also admitted that the several renewals of said lease were made in these words: (except that the dates, contained in each of said renewals, were changed to suit the years in which said renewals were respectively made.)

"The said Edward F. Kinchley, the lessee in the foregoing lease, having desired from the said Henry F. Willink, the lessor, a renewal of said lease, and having prior to the first day of August 1851, tendered to the said Henry F. four promissory notes with good and sufficient endorsers thereon, for five hundred dollars each, payable on the first day of February, May, August and November, respectively, of the year next ensuing, the said lease is revived, renewed, confirmed

and ratified, for the year from the first day of November next, with all the covenants and conditions in said lease written. Witness our hands and seals this 31st day of July, A. D. 1851.

> "H. F. WILLINK, [L. s.]
>    . E. F. KINCHLEY, [L. s.]
> Per R. AUSTIN, Atty."

"In presence of
> T. J. KINCHLEY.
> W. H. FRAZER."

After hearing argument, Judge FLEMING decided that the tender of *Roberts'* Notes, with good endorsers, was not a compliance with the terms of the lease. That Willink had a right to insist upon Kinchley's notes, and these *only*, and these not being offered prior to the first of August, that the lease expired on the first day of November 1855, by the failure to comply with its terms; and sustained the plaintiff's right of recovery for use and occupation &c.

Whereupon counsel for defendant excepted and assigns for error.

1st. That the Judge erred in deciding that under the covenant for renewal contained in said lease, the notes of Edward F. Kinchley endorsed by good and sufficient endorsers were required to be tendered.

2d. That said Judge erred in deciding that the covenant for renewal contained in said lease was not complied with, by the tender of the notes of Jefferson Roberts, endorsed by good and sufficient endorsers.

3d. That the Judge erred in deciding that the said lease expired on the first day of November 1855, by the failure to comply with its terms.

JOHN M. GUERARD, for plaintiff in error.

WARD & OWENS for defendant in error.

*By the Court.*—McDonald, J. delivering the opinion.

This case depends on the construction which ought to be placed on the covenants in the lease. The lease was assigned; and the question is whether the defendant in error was bound to receive the notes, with good endorsers, tendered by Roberts on or before the first day of August, 1855, for the rent. E. F. Kinchley, the lessee, expressly covenants and agrees, well and truly to pay to H. F. Willink, the lessor, his executors and administrators, the full and just sum of two thousand dollars per annum, during the time covered by the lease, in equal quarterly payments of five hundred dollars. He was bound by this covenant, notwithstanding the assignment of the lease. *Auriol vs. Mills* 4 *Penn. Rep.* 94.

The defendant covenanted to renew the lease, upon the same conditions and covenants as in that lease contained, for each and every year, for the term of five years next succeeding the first day of November, eighteen hundred and fifty-one, provided nevertheless, that the said Edward F. Kinchley should, on or prior to the first day of August, in each and every year of the five years, offer to the said Henry F. four promissory notes, with good and sufficient endorsers thereon, for five hundred dollars each, payable on the first day of February, May, August and November, respectively, of the year next ensuing, said promissory notes, being the annual rent of two thousand dollars due and payable as aforesaid. The only objection to the tender was, that the notes tendered were not the notes of E. F. Kinchley.

[1.] The contract must be construed by the words, unless there be some reason for taking the case out of this first great rule for the construction of contracts. Both parties have signed the lease, and the covenant of Kinchley is " to offer" to Willink *four promissory notes with good and sufficient endorsers thereon, &c.* Willink covenanted, on his

part, upon such offer, to renew the lease upon the same conditions and covenants as were contained in the original lease. The lease was assigned and the assignee, standing in Kinchley's place, entitled on the one hand to the benefits, and on the other subject to all the liabilities of the covenants in the lease, *offered four promissory notes with good and sufficient endorsers thereon,* and claimed a renewal of the lease. Here was a literal compliance with the terms of the covenant. But it is insisted that Willink was entitled to *Kinchley's* notes endorsed &c. Kinchley did not covenant to *make* and offer, nor to offer *his* four promissory notes. There may have been good reasons why he did not so stipulate, and there are, apparent on the face of the lease, good reasons why Willink did not require it, for he had the personal guarantee of Kinchley in the express covenant in the lease, and he had the power to require notes with good and sufficient endorsers.

[2.] It is sufficient, however, to say, that it was the contract of the parties, as we have shown, and we have no power to interpose terms which impose obligations not warranted by the contract as expressed.

Let the Judgment of the Court below be reversed.