UNDERWRITERS' AGENCY, plaintiff in error, *vs.* WILLIAM T. SUTHERLIN, defendant in error.

Where an insurance was effected under an open policy of insurance, issued to the company's agent, the insured taking a certificate that his insurance was according to the terms specified in said open policy, which was retained by the agent:

*Held,* That in a suit for a loss, it was not sufficient for the plaintiff to produce the certificate alone, since on its face it appeared that it did not contain the whole agreement.

Attachment. Insurance. Open policy. Before RICHARD F. LYON, Esq., Attorney at Law, presiding by consent. Dougherty Superior Court. June Term, 1871.

William T. Sutherlin sued out an attachment against the Underwriters' Agency, composed of the Germania, Hanover, Niagara and Republic Fire Insurance Companies, of New York, for the sum of $742 43, besides interest and expenses. At the appearance term a declaration in attachment was filed, containing, substantially, the following allegations; that petitioner brings his suit upon the following written contract, to-wit:

"No. 29.          *Underwriters' Agency.*          $4,000.

"Germania, Hanover, Niagara and Republic Fire Insurance Companies, of the city of New York.

"ALBANY, GA., January 20th, 1866.

"This is to certify that William T. Sutherlin is insured for account of whom it may concern, under and subject to the conditions of policy number seven hundred and eighty, issued by the above named companies, in the sum of $4,000, each company bearing one-fourth of the risk taken upon (20) twenty bales of cotton, marked W. T. S., on board cargo of the box number eighteen—Saucer, master—at and from Albany, Georgia, to Apalachicola, at the rate of four per cent., which premium of $160 is hereby acknowledged to have been received. Loss, if any, payable to W. T. Sutherlin, or order hereon at New York, upon the return of this certificate.

(Signed,)          "Y. G. RUST, Agent."

"Countersigned, A. S. STODDARD,

General Agent, New York."

Indorsed on the face as follows:

"The property is insured under this policy from Apalachicola to New York, by good steamers or sailing vessels, and includes twenty days fire risk at Apalachicola from the dis-

charge of the box." That on January 20th, 1866, petitioner shipped from Albany, Georgia, for the city of New York, *via* Apalachicola, twenty bales of cotton, marked W. T. S., on board of cotton box, number eighteen, whereof one Saucer was master; that at Apalachicola said cotton was, in good order, shipped on the bark J. H. McLaren for the city of New York, the point of final destination; that at the date of shipment said cotton was of the value of $4,000; that said bark arrived safely at the city of New York, on or about April 10th, 1866; that a survey was made by the port wardens of the city of New York, said cotton pronounced damaged by water, and a sale ordered and made by due course of trade, and under existing laws then in force, netting from said sale the sum of $2,527 16, such sale occurring on April 20th, 1866; that defendant is therefore indebted to petitioner the principal sum of $1,475 85, with interest thereon from said date of sale until paid; that petitioner has demanded, and defendant has refused payment of said claim."

The record fails to disclose the plea filed by defendant.

When the case was called for trial, it was agreed between the parties that Richard F. Lyon, Esq., an attorney at law, should preside, Judge Strozier having been of counsel for plaintiff.

Plaintiff introduced the certificate in his declaration set forth; also his own deposition, and that of W. H. Price, who examined the cotton upon its arrival in New York, by which the damage was proven and also efforts to obtain a settlement from defendant. Plaintiff closed.

Much evidence was introduced by the defendant, which it is unnecessary here to set forth, as a consideration of the same is not involved in the decision of the Court.

The jury returned a verdict for the plaintiff for the sum of $728 75, with interest from date of the sale of cotton.

The defendant moved for a new trial upon the following, among other grounds, to-wit:

Because said verdict is without any evidence to support it, and manifestly against the weight of evidence.

The motion for a new trial was overruled, and plaintiff in error excepted.

VASON & DAVIS; CLARK & GOSS, for plaintiff in error.

W. E. SMITH, for defendant.

McCAY, Judge.

Did this case turn solely on the proof of loss, we are not prepared to say that the verdict is wrong.   Section 2788 of our Code gives a very wide definition of the phrase, "perils of the sea," and the phraseology of the latter clause would seems to make the insurer responsible, even for the negligence of the master, except in the cases there specified.   True, this section seems in conflict with section 2785, but there may be reason in the suggestion that section 2785 refers to an insurance on the *ship* only.   We do not, however, intend to decide this point, as, in the view we take of the case, there must be a new trial on other points.   We think the Court erred in ruling out the policy, or, rather, we are of opinion that the policy was a necessary part of the plaintiff's case. The certificate is not, of itself, a complete contract by the company.   It expressly provides that the terms and conditions of the contract are to be regulated by policy number ..... On its very face, the paper produced shows that it does not contain the whole contract.   How can any one say what the contract was from the certificate alone?   What is the risk taken?   It does not say.   What are the terms and conditions?   It does not say.   It stipulates, expressly, that these terms·and conditions are set forth in another paper.   True, that other paper is in the custody of the defendant; but that was well known to the parties.   It was the usual mode of business for the agent to retain this paper.   But its contents were well known to Rust, who was the mutual agent of both parties, as the evidence shows.   In any event, the paper certificate declares and notifies all concerned that it is not the whole contract.   It was in the power of the plaintiff to com-

pel the production of the policy, and as it was a necessary part of the plaintiff's case, he should have taken the legal steps required for that purpose. As it was produced by the defendant, without notice, the plaintiff's case, in this respect, was complete. But when, on his motion, it was ruled out, his case was fatally defective, since it appeared, affirmatively, to the Court that the full contract of the parties was not before the jury.

We are not sure that the Court was not technically right in ruling out the paper as evidence for the defendant. The whole policy was not produced. What we have was torn away from something else. Whether what was not produced was or was not material, does not clearly appear. Had the plaintiff given the notice, and the defendant failed to produce the whole, the remedy is apparent. But as no notice was given or shown, the plaintiff's case was incomplete, the contract was not before the Court, and no excuse is offered why it was not. For this reason, we think there ought to be a new trial. The verdict is not sustained by the evidence, because it was not shown what the real contract of the parties was.

Judgment reversed.