CARRUTH, admx., *v.* ÆTNA LIFE INSURANCE CO. *et al.*

1. Where a "promise is made for the purpose of conferring a benefit on a person, though he be not a party to the contract, or furnish the consideration for the promise, he can bring suit upon it." *Sheppard* v. *Bridges,* 137 *Ga.* 615, 621 (74 S. E. 245). Where an insurance company issues a group policy of insurance on the lives of the employees of a manufactory, naming the manufacturing corporation as beneficiary, but contemporaneously therewith the latter corporation issues to the employees who are referred to in the policy of insurance a certificate promising that the sums payable respectively as set forth in the policy will be collected and paid by the employer corporation, except upon the breach of certain conditions named in the policy and also in the certificate, the insurance named in the policy and in the certificate may be recovered upon the death of the person named in the certificate by the personal representative of the insured.

(*a*) A contract for the benefit of a third person, which evidences an intent to benefit such third person and an obligation on the part of the promisee to the third person, creats an equitable right or interest in the beneficiary, growing out of the trust relationship, which may be enforced by the real beneficiary or her personal representative. The case would not be altered if the transaction be considered as a gift, if it be accepted by the donee.

(b) "If the contract, although in form it is with A, is intended to secure a benefit to B, so that B is entitled to say that he has a beneficial right as cestui que trust under the contract, then B would, in a court of equity, be allowed to insist upon and enforce the contract." Gandy v. Gandy, 30 L. R. Ch. Div. 57. A person not a party to the contract and not a privy to the consideration may, if the contract was entered into for his benefit, maintain an action on it if he has either a legal or equitable interest in the performance of the contract.

2. Performance of stipulations in a contract of insurance, such as that the employer be given written notice of sickness or of absence from the employment, but which are inserted for the benefit of the employer, may be waived by the actual knowledge of the employer, supplying the same information as would have been conveyed had the required notice been given.

(a) One is not charged with the performance of any duty which is prevented by providential circumstances which are beyond human control. Where a request for permission for absence on account of sickness was prevented by the nature of the attack and the continuance of the illness until death supervened and prevented such request for permission to be absent, there was presented such a reasonable excuse for noncompliance with the stipulation as was the equivalent of compliance therewith.

3. Questions as to the sufficiency of the excuse offered, and the diligence of the beneficiary, are generally questions of fact to be determined by the jury according to the nature and circumstances of the particular case.

4. Where it appears from the allegations of an equitable petition that the defendants named therein have a common interest in the subject-matter of the suit, or where, as in the present case, the nature of the contract is such that the promisee becomes a mere trustee for the disbursement of the funds which the promisor obligates himself to pay, there is such privity as authorizes the real beneficiary of the contract to enforce it, and as to require the promisor to pay the promisee in order that the latter in turn may be required to pay the fund to the real beneficiary or her representative. A petition cannot be said to be multifarious for misjoinder of parties where the presence of all the parties named as defendants is essential to the grant of the relief sought by the petition.

No. 3555.   FEBRUARY 16, 1924.

Equitable petition. Before Judge Roop. Troup superior court. December 1, 1922.

Mrs. Lillian Carruth, as administratrix of the estate of Ethel Harmon, filed a petition against the Ætna Life Insurance Company and the Lanett Cotton Mills. Both defendants are foreign corporations, but are alleged to have an agent and office in Troup County, Georgia, for the purpose of transacting business. The action is based on the fact that the Ætna Life Insurance Co. in-

sured the employees of the Lanett Cotton Mills, including the decedent, under group policy No. 379, and that Ethel Harmon had departed this life on September 22, 1918, holding a "certificate" No. 937 under the provisions of the policy issued to the Lanett Cotton Mills. The policy and certificate both bear date as of October 25, 1917. A copy of the certificate was attached to the original petition, and by amendment the plaintiff added a copy of the policy and the application therefor. The policy of insurance is as follows:

"The Ætna Life Insurance Company, of Hartford, Connecticut, (herein called the company) hereby agrees with the Lanett Cotton Mills of Lanett, County of Chambers and State of Alabama (herein called the employer), to pay the amount stated as the sum insured upon any card attached hereto bearing the stamp-seal of the company, which card forms a part hereof, less any unpaid premium hereon for the current premium paying period, on due proof of the death of the person described on said card (herein called the insured) within the term of one year from five o'clock p. m. of the date hereof, ending at five o'clock p. m. on the twenty-fifth day of October, 1918, provided that the insurance on such life has not been previously terminated and such card .is then returned to the company. Any sum payable by the company as a death claim shall be paid to the beneficiary indicated as such in the application for this insurance. The foregoing agreement is made in consideration of the application for this policy, which application is hereby made a part of this contract, and a copy of which is attached hereto, and in further consideration of the premium of forty-four hundred, fifty-four, and 53/100 dollars to be paid upon delivery of this policy. This policy is issued and accepted subject to all the conditions, benefits, and privileges described on the subsequent pages hereof, and which are hereby made a part of this contract.

"In witness whereof the said Ætna Life Insurance Company has by two of its executive officers signed this contract in the City of Hartford and State of Connecticut, this twenty-fifth day of October, 1917."

There are various stipulations as to renewal, payment of premiums, incontestability, additions and amount of insurance, termination for discontinued employment, settlement of premiums, etc., which are immaterial in this case. In the application of the

Lanett Cotton Mills (which is made a part of the policy) for group life insurance upon the annual renewable-term plan, renewable for 49 years, with premiums payable annually, upon the lives of its employees, it is stated that the said employees are engaged in the kind of work usual to cotton-mill employees. The application proceeds as follows: "The attached descriptive list of the persons whose lives are to be insured by said policy described [describes] each and all the employees of the employer, except the following, who are accepted for the reason stated below: No exceptions.

"Schedule of Insurance: All employees in their first year of service insured for $300.00. All employees in their second year of service insured for $350.00. All employees in their third year of service insured for $400.00. All employees in their fourth year of service insured for $450.00. All employees in their fifth year and more of service insured maximum $500.00. Beneficiary as per company's list form No. 801 attached hereto: Lanett Cotton Mills. It is requested that any sum payable under this policy as a claim shall be paid to the Lanett Cotton Mills, employer, as beneficiary. The above schedule shall apply to all employees on pay-roll at this date. Increase as per above schedule is desired to apply both for services already rendered and for services rendered in the future. New employees engaged after this date shall not be insured until after they have been in the service for thirty days. Rate classification, schedule "C". Said persons proposed to be insured are now working for the employer on full time and for full pay, and are all in good health at the present time to the best of applicant's knowledge and belief.

"Note:—It is not expected to have this insurance cover any person who is now temporarily absent from regular duties on account of poor health; but any such person may be hereafter insured in accordance with the conditions of the policy hereby applied for, if the company is notified that such person has recovered.

"Signed at West Point, State of Georgia. This 25th day of October, 1917. Lanett Cotton Mills, Geo. H. Lanier, Vice-President & Gen. Mgr."

In the fourth paragraph of the petition the plaintiff alleged that the insurance was given to the deceased Ethel Harmon in consideration of the continued and faithful services of the deceased,

and shows that the Lanett Cotton Mills delivered a certificate of insurance under said group policy to Ethel Harmon and other employees of the said mill, in order to make their employment with the mill more attractive to them and in appreciation of the employees' faithful service to said mill. It is alleged, that at the time of the issuance of the policy and certificate of insurance Ethel Harmon was an employee of the defendant mill company, and continued in that capacity until May —, 1918, when she was taken sick in the mill and carried to her home; that at this time she was too sick to obtain written consent; that the superintendent had actual notice of her sickness; and that after having been sick from May —, 1918, until September 22, 1918, she died on the latter date. In another paragraph it is alleged that Ethel Harmon had never been dismissed from the employment of the mill, and had worked faithfully, and had never quit her employment, and that at the time she had to leave the mill she only left temporarily, hoping soon to regain her health; and that her sickness was well known to the mill company, the overseer and many other officers inquiring frequently as to her condition. She left neither husband nor child and neither father nor mother. The petitioner was appointed temporary administratrix on her estate on August 15, 1921. The certificate attached to the petition is as follows:

"The Ætna Life Insurance Company, of Hartford, Conn., has insured the lives of certain employees of the Lanett Cotton Mills, the undersigned employer, by a policy of insurance issued and delivered to said employer. Under and subject to the terms and conditions of said policy, and the application therefor, the life of Ethel Harmon, an employee, is insured in the sum of three hundred dollars. The Ætna Life Insurance Company's policy expressly provides that the above-described insurance shall cease whenever the said employee leaves the service of said employer.

"Lanett Cotton Mills. By Geo. H. Lanier, Vice-President. Geo. S. Harris, Superintendent."

"Date October 25, 1917. Certificate No. 937."

As a part of the certificate is a statement of the benefits as set forth in the application, and an address "To our employees," as follows: "This certificate of insurance is presented to you in appreciation of your earnest and faithful service, and as an expression, in substantial form, of the value this company places upon your

loyal co-operation. By special arrangement with the Ætna Life Insurance Company we have purchased a group life-insurance policy to cover certain employees of this company, while in our service. Your life is now insured in accordance with the schedule on the opposite page, and you will note that the amount of the insurance automatically increases each additional year of continuous service rendered, until the maximum of $500.00 is attained. Provision is thus made for the relief of those dependent upon you at a time when they may need it most; and to safeguard this fully, this certificate of insurance cannot be assigned or transferred. In the event of your death at any time or place from any cause whatsoever while you are in the employ of this company and during the continuance of the policy, the amount of insurance then in force upon your life will be paid to your widow or widower, if not [none], to your children, who survive you equally; if none survive, to your father and mother, or to the survivor. If neither survive you, to your estate. In the event of permanent total disability the insurance may be payable, upon your request of Lanett Cotton Mills, to the person of the insured either in one sum or installments. Because the group involves so many and the risk is distributed mutually among all, this policy is much better than any of us could individually obtain. Through our membership in the group we are all gaining this advantage which we can repay only by increased loyalty to the group, by preventing wastes, and by more effective co-operation for the good of our common organization. In effecting this arrangement, this company is not actuated by any false notion of philanthropy or paternalism, but rather by the desire to show, in a practical manner, the value of true co-operation. While you continue in our employ this life insurance costs you nothing. All we expect of you in return is that you do your part in maintaining that spirit of loyalty and co-operation which is so necessary to your own welfare and ours. In the event you quit work or are discharged, this life insurance automatically terminates by the terms of the policy. Absence for more than two weeks without written permission of the superintendent will be regarded as equivalent to a termination of employment; but permission for absence will be granted on account of sickness or other unavoidable causes, provided you will make application to the superintendent. The Lanett Cotton Mills reserve the right to dis-

continue this insurance at any time upon (90) ninety days notice.

"Sincerely yours, Lanett Cotton Mills."

In an amendment to the petition it is alleged that, although the application attached to group policy number 379 contains the stipulation that "any sums payable under this policy as a claim shall be paid to the Lanett Cotton Mills, employer, as beneficiary," the intention of said policy was to confer certain benefits upon the employees of the Lanett Cotton Mills in case of total disability, or, in case of death, to certain beneficiaries as designated in the certificate attached to the petition; and that said intention was clearly manifested by the delivery of certificate No. 379 to Ethel Harmon; and that the same was accepted by her. In the fourth paragraph the petition alleges, that group policy No. 379 issued by the insurance company is made payable to the Lanett Cotton Mills as beneficiary for certain parties designated in the certificate of insurance, and that as beneficiary the Lanett Cotton Mills is due to account for the proceeds of said policy to petitioner for the benefit of the estate of Ethel Harmon; that the Ætna Life Insurance Company is due to pay or to have paid, which it has not done, to the Lanett Mills as beneficiary, for the purposes as specified in the certificate, the sum therein mentioned; that it was in the contemplation of the insurance company and intended by it that payment be made on the death of the insured, and a like intent is charged as to the Lanett Mills, to pay the benefits specified to those entitled to them as designated in the certificate and group policy; that the plaintiff had no adequate remedy at law and was forced to come into a court of equity. In addition to the prayers in the original petition, the plaintiff prayed for general relief.

The Lanett Cotton Mills demurred on the ground that the petition failed to set out a cause of action, and failed to show any contractual relation between the defendant and the plaintiff's decedent; and that the exhibits attached to the petition are not a contract between the Lanett Cotton Mills and plaintiff's decedent, nor is it such an obligation that either the plaintiff or plaintiff's decedent could maintain an action against the Lanett Cotton Mills, there being no duty or obligation on the part of the mills to insure the life of plaintiff's decedent nor any consideration from the decedent to the mills for said certificate. Other grounds of demurrer raised the point of misjoinder of parties defendant, and

misjoinder of causes of action. There was a special demurrer to the allegation in paragraph 4, on the ground that the allegation, "in order to make their employment with said mill company more attractive to them," is a conclusion without facts set out on which to base it. Special demurrers were likewise filed to paragraphs 6, 7, 8, and 9, upon the ground that the petition failed to allege that Ethel Harmon had written permission of the superintendent to be absent from her work on account of sickness, and disclosed that she was absent from work for more than two weeks without written permission, and that the allegation that she was too sick to obtain written permission does not constitute any reason in law why the terms of the policy should not be complied with. After the plaintiff had amended her petition as above stated, the defendant renewed the general and special demurrers theretofore filed, and in addition demurred generally to the petition on the ground that it failed to state or set out any cause of action. The defendant also demurred specially to the language used in the fourth paragraph, as follows: "which petitioner alleges is made payable to the Lanett Cotton Mills as beneficiary for certain parties as designated in certain certificates of insurance," on the ground that this allegation is a conclusion; and that the allegation with reference to any proceeds under group policy No. 379 being paid to the mills as beneficiary for certain parties is contrary to the provisions of group policy No. 379, which is made a part of the petition. The defendant further specially demurred to the allegations contained in paragraphs 5, 6, 7, and 8, of the amended petition, on the ground that the allegations contained therein are mere conclusions, and no facts are alleged upon which the conclusions are based. The demurrers of the insurance company were substantially the same as those of the cotton mills, except that it was alleged in the original demurrer that the allegations in paragraph nine of the petition were irrelevant, immaterial, and prejudicial, and that the acts of the overseer and other officers of the mill were not binding upon this defendant. The court sustained the demurrers and dismissed the petition, and the plaintiff excepted.

*J. T. Thomasson,* for plaintiff.

*Lovejoy & Mayer,* for defendants.

RUSSELL, C. J. (After stating the foregoing facts.) In considering the general demurrer the first question presented is whether

this plaintiff can maintain the action, and the answer to this question must depend upon the relation of Ethel Harmon, the plaintiff's decedent, to the contract. We will first review the nature of the contract. In brief, it is an agreement on the part of the Ætna Life Insurance Company, for a named consideration, to insure for one year a group of employees working in the mills of the Lanett Cotton Mills, whose identity is to be determined by the possession of one of a large number of "certificates" at the time that the policy may be matured by death. The policy provides for the payment of the policy to the Lanett Cotton Mills as beneficiary. But by the terms of the certificate the Lanett Cotton Mills in turn assumes the obligation to pay the full amount of the insurance to the husband or wife, father or mother, or child of the person whose life is insured, or, in default of these near relations, to pay such sum to her estate. What relation does the certificate bear to the policy? It cannot be assumed but that the obligation of the certificate was in the contemplation of both of the parties to the contract of insurance. The policy refers to the certificate, and the certificate refers to the policy as the basis of its issuance. In no event is any payment to be made except to the holder of a certificate. The policy and the certificate are interlocked like the Siamese twins. Contemporaneous instruments, each affecting and controlling the same subject-matter, to wit, insurance of the life of an employee of the Lanett Cotton Mills by the Ætna Life Insurance Company, the two writings may be considered as essential, indivisible parts of one contract. United it stands, divided it falls. Thus construing the rights as applicable to the plaintiff's decedent (and all of those insured with her), the contract could not be upheld, and indeed would be void, unless it be held that all of the insured, including Ethel Harmon, had a beneficial interest in the contract between the Lanett Cotton Mills and the Ætna Life Insurance Company. While the Lanett Cotton Mills is named as beneficiary in the policy, Ethel Harmon (upon certain conditions which will be hereafter referred to) and, after her death, her estate, is the beneficiary in the certificate. The Lanett Cotton Mills of itself has no insurable interest in the life of Ethel Harmon, and an attempt to insure her life for its benefit would be a mere wager—a gaming contract and void and unenforceable. The insurance company promises to pay upon the life of any one of those embraced in group policy

number 379 the particular sum indicated by the certificate held by the person insured. The payment is to be made to the Lanett Cotton Mills. The use of the two following words "as beneficiary" has no significance beyond a narrow technical meaning, when considered in connection with the certificate; for the certificate confines the possession of the fund to the mere duty of paying the money over to the holder of the certificate in return for the certificate, with the duty on the part of the Lanett Mills to convey this certificate to the insurance company for cancellation.

To use the language of Chief Justice ·Bleckley in *Mobile Insurance Co.* v. *Coleman,* 58 *Ga.* 251, 255, "Insurance is *business,* and not elaborate and expensive trifling;" and it has been held in every jurisdiction in this country that a contract of insurance prepared and proposed by an insurer, if of at all doubtful construction, is to be construed most strongly against the insurer. Construing the contract as a whole, it seems clear that the Ætna Life Insurance Company, subject to the conditions in the policy, undertook to insure the life of Ethel Harmon and her fellow employees, merely using the name of the Lanett Cotton Mills as beneficiary in order to protect itself, by such conditions precedent and warranties as are contained in the application, from liability where it would not have been legally bound under these warranties; and using the services of the Lanett Cotton Mills as an agency to see that the insurance money is paid to the proper persons, and that in all cases the canceled certificate, which indicated a decrease of the insurer's risk, should be returned to the insurance company.

The legal representative of Ethel Harmon is not deprived of the right to bring this action by reason of the fact that the premium was paid by the Lanett Cotton Mills. Section 4249 of the Civil Code declares: "If there be a valid consideration for the promise, it matters not from whom it is moved; the promisee may sustain his action, though a stranger to the consideration." . Ethel Harmon in her lifetime was the real party in interest. According to the terms of the certificate and the reasons therein stated by the Lanett Cotton Mills, there was a valid consideration for the promise. The proposal of the certificate was to insure its holder, free of cost, in return for loyal co-operation and faithful service and the continuance of that service to the Lanett Cotton Mills. The acceptance of the certificate by Ethel Harmon was acceptance of the proposal, and therefrom arose a contract capable of being enforced.

The remaining assignments of error are sufficiently dealt with in the headnotes. The court erred in sustaining the demurrers and dismissing the petition.

*Judgment reversed. All the Justices concur.*