22308.   METROPOLITAN LIFE INSURANCE CO.
*v.* HARROD.

Decided November 16, 1932.   Rehearing denied December 13, 1932.

128

*William L. Clay,* for plaintiff in error.

*W. G. Carroll, Cobb & Bright,* contra.

HOOPER, J. (After stating the foregoing facts.) After a careful consideration of the demurrer to the plaintiff's original petition and to the petition as finally amended, we are satisfied that the court properly overruled each and every ground thereof with the exception of that ground of the demurrer (filed November 7, 1931) which complains that the contract of insurance upon which suit was brought was not set forth. In our opinion that ground of the demurrer should have been sustained, and the petition, unless amended to cure such defect, should have been dismissed. The certificate attached to the plaintiff's petition was issued by the defendant company expressly "under and subject to the terms and conditions" of a certain group policy of defendant company in favor of Central of Georgia Railway Company. This certificate does not contain, nor does it purport to contain, all of the terms and conditions of the contract between the plaintiff and the defendant company. The obligations or covenants of the insured are not contained in this certificate. It is quite evident that the contract of insurance between the plaintiff and the defendant company consisted not merely of the certificate attached to the plaintiff's petition, but rather was embodied partly in the group policy issued by the defendant company to the Central of Georgia Railway Company, and partly in said certificate. See Civil Code (1910), § 5541; *Gaynor* v. *Travelers Ins. Co.,* 12 *Ga. App.* 601 (77 S. E.

1072); *Underwriters Agency* v. *Sutherlin,* 46 *Ga.* 652; *Carruth* v. *Ætna Life Ins. Co.,* 157 *Ga.* 608 (122 S. E. 226); *Lipschitz* v. *New Zealand Ins. Co.,* 34 *Ga. App.* 825 (132 S. E. 131), and cit.

This error rendered the further proceedings in the case nugatory, and the correctness of the court's ruling upon the motion for a new trial is, therefore, not here reviewed. Neither can we in the present status of this case, review the court's ruling upon the general demurrer to the plaintiff's petition.

*Judgment reversed. Broyles, C. J., concurs. MacIntyre, J., not presiding.*