### JONES *v.* THE STATE.

HUTCHESON, Justice. 1. Upon a trial for the offense of murder, certificates of insurance on the life of the deceased, one of which named the defendant as beneficiary, which certificates were issued under a group policy, were admissible in evidence over the objection that they were not complete contracts, and that the master policy also should be introduced. *Walker* v. *State,* 137 *Ga.* 398 (7) (73 S. E. 368); *Mitchell* v. *State,* 152 *Ga.* 375 (5) (109 S. E. 357); *Canady* v. *State,* 171 *Ga.* 11 (2) (154 S. E. 332). Especially so in view of the fact that oral testimony which described the certificates, the insured, and the beneficiary was admitted without objection. The rule applied in civil cases where the policy constitutes the cause of action (*Metropolitan Life Insurance Co.* v. *Harrod,* 46 *Ga. App.* 127 (166 S. E. 870); *Carruth* v. *Ætna Life Insurance Co.,* 157 *Ga.* 608 (122 S. E. 226); Code of

1933, § 81-105) is not applicable to criminal cases where the only purpose is to show a motive for the alleged crime.

2. There was sufficient evidence to authorize the verdict.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Atkinson, J., who dissent.*

No. 11211. APRIL 18, 1936.

*H. C. Cox* and *H. O. Godwin,* for plaintiff in error.

*M. J. Yeomans, attorney-general, Claude C. Smith, solicitor-general, B. D. Murphy, E. J. Clower,* and *Reuben M. Tuck,* contra.