44401. CHEROKEE CREDIT LIFE INSURANCE COMPANY v. BAKER, Administratrix.

ARGUED APRIL 9, 1969—DECIDED APRIL 24, 1969.

582

Harris, Russell & Watkins, T. Reese Watkins, Philip R. Taylor, for appellant.

Reinhardt, Ireland, Whitley & Sims, Tyron Elliott, for appellee.

EBERHARDT, Judge. ■ Insurance is a matter of contract, and the language used is to be accorded its general ordinary meaning, bearing in mind that the contract is to be construed in accordance with the intention and understanding of the parties, and in construing it the court cannot go further than a fair construction of the language used will permit. *North British &c. Ins. Co. v. Tye,* 1 Ga. App. 380, 389 (58 SE 110). "The contract must be construed by the words, unless there be some reason for taking the case out of this first great rule for the construction of contracts." *Roberts v. Willink,* 21 Ga. 97, 103. "There is no greater sanctity and no more mystery about a contract of insurance than any other. The same rules of construction apply to it as to other contracts, and the true rule for their interpretation may be stated to be, that stipulations and conditions in policies of insurance like those in all other contracts, are to have a reasonable intendment, and are to be so construed, if possible, as to avoid forfeitures and to advance the beneficial purposes intended to be accomplished." *Clay v. Phoenix Ins. Co.,* 97 Ga. 44, 53 (25 SE 417). Where the contract is unambiguous, it must be construed to mean what it says. This rule applies to language limiting coverage. *State Farm Mut. Auto. Ins. Co. v. Sewell,* 223 Ga. 31 (153 SE2d 432).

In construing a contract of group insurance we are to apply, additionally, the rule that the master group policy and the certificate of insurance must be construed together, for it takes both to make the contract. "The certificate is not, of itself, a complete contract by the company. It expressly provides that the terms and conditions of the contract are to be regulated by [group] policy number_____. On its very face, the paper produced shows that it does not contain the whole contract. How can any one say what the contract was from the certificate alone? What is the risk taken?" *Underwriters' Agency v.*

*Sutherlin*, 46 Ga. 652, 655. And see *Sutherlin v. Underwriters' Agency*, 53 Ga. 443. "What relation does the certificate bear to the policy? It cannot be assumed but that the obligation of the certificate was in the contemplation of both of the parties to the contract of insurance. The policy refers to the certificate, and the certificate refers to the policy as the basis of its issuance. . . The policy and the certificate are interlocked like the Siamese twins. Contemporaneous instruments, each affecting and controlling the same subject matter . . . the two writings may be considered as essential, indivisible parts of one contract. United it stands, divided it falls." *Carruth v. Aetna Life Ins. Co.*, 157 Ga. 608, 616 (122 SE 226). Accord: *Lipshitz v. New Zealand Ins. Co.*, 34 Ga. App. 825 (132 SE 131); *Metropolitan Life Ins. Co. v. Harrod*, 46 Ga. App. 127 (166 SE 870); *Aetna Life Ins. Co. v. Padgett*, 49 Ga. App. 666 (176 SE 702); *Lancaster v. Travelers Ins. Co.*, 54 Ga. App. 718 (189 SE 79). Cf. *Edwards v. Farmers Mut. Ins. Assn. of America*, 128 Ga. 353 (57 SE 707, 12 LRA (NS) 484, 119 ASR 385, 10 AC 1036); *Hynds v. Farmers Mut. Ins. Assn.*, 45 Ga. App. 751 (165 SE 839). Of course, if the contract is ambiguous the ambiguity is to be resolved against the insurer. *Aetna Life Ins. Co. v. Padgett*, 49 Ga. App. 666, supra, and citations. But ambiguity is not to be created by lifting a clause or portion of the contract out of context (*Midland National Ins. Co. v. Wright*, 117 Ga. App. 208 (1) (160 SE2d 262)), nor are we to call forth doubt or make hypercritical constructions. *New York Life Ins. Co. v. Thompson*, 45 Ga. App. 638 (165 SE 847). The natural, obvious meaning is to be preferred over any curious, hidden meaning which nothing but the exigency of a hard case and the ingenuity of a trained and acute mind would discover. *Maddox v. Life & Cas. Ins. Co.*, 79 Ga. App. 164, 174 (53 SE2d 235). The language of the contract in its entirety should be given a reasonable construction, not beyond that fairly intended within its terms. *New York Life Ins. Co. v. Thompson*, 45 Ga. App. 638, supra.

The certificate is evidence of coverage under the master policy. *Lancaster v. Travelers Ins. Co.*, 54 Ga. App. 718, supra; *Blaylock v. Prudential Ins. Co.*, 84 Ga. App. 641, 644 (67 SE2d

173). And the certificate holder is bound by the provisions of the master policy. *Moore v. Prudential Ins. Co.,* 56 Ga. App. 356, 362 (192 SE 731). "True, [the group policy] is in the custody of [another]; but that was well known to the parties. . . . In any event, the paper certificate declares and notifies all concerned that it is not the whole contract. It was in the power of the plaintiff to compel the production of the policy. . . ." *Underwriters' Agency v. Sutherlin,* 46 Ga. 652, 655, supra.

Where an insured contended that he had paid for and accepted the certificate of insurance, which declared in general terms that he was insured against loss by fire, but which elsewhere referred to another instrument, presumably a blank form of policy, containing certain limitations of the risk assumed, which policy he never saw and the terms of which he never knew, "To that contention the law makes this answer: The [insured] accepted an instrument which contained a reference to another instrument in which were embodied the limitations, and which were made a part of the contract. [He was] presumed to know the contents of the paper which [he] received, and if [he] had read it [he] would have observed that it referred to and adopted the provisions of the other instrument. [He] had the right to demand an inspection of that instrument, and, if inspection had been refused, to decline to enter into the contract." *Conner v. Manchester Assur. Co.,* 130 F 743, 745 (9th Cir.) and see *State Farm Mut. Auto. Ins. Co. v. Sewell,* 223 Ga. 31, 32, supra.

■ Contracts, including insurance policies, even when ambiguous, are to be construed by the court, and it is only after application of the pertinent rules of construction and the ambiguity remains that a fact question arises to be explained by extrinsic evidence and resolved by a jury. *Davis v. United &c. Life Ins. Co.,* 215 Ga. 521 (2) (111 SE2d 488). Where there is no ambiguity, construction of the contract is solely within the province of the court, and the court must expound it as made. *Yancey v. Aetna Life Ins. Co.,* 108 Ga. 349 (33 SE 979); *Wheeler v. Fidelity & Cas. Co.,* 129 Ga. 237 (58 SE 709); *State Farm Mut. Auto Ins. Co. v. Sewell,* 223 Ga. 31, supra.

■ Applying these rules of construction it becomes apparent

at once that there is no ambiguity in the contract. The limit of liability arising upon the death of Mr. Baker was the sum of $5,000 plus a refund of premiums for any insurance in excess of that as represented by certificates issued by the bank. Cf. *Life & Cas. Ins. Co. of Tenn. v. Carter*, 55 Ga. App. 622 (191 SE 153), affirmed 185 Ga. 746 (196 SE 415) ; *Gray v. Life & Cas. Ins. Co.*, 48 Ga. App. 80 (171 SE 835) ; *Tate v. Industrial Life & Health Ins. Co.*, 58 Ga. App. 305 (198 SE 303). Cf. *Johnson v. American Nat. Life Ins. Co.*, 134 Ga. 800 (2) (68 SE 731).

4. No increase in the company's liability under the contract could be assented to save in writing and signed by its president or secretary, for the policy provides on its face that only these could alter or waive any conditions of the policy or make any agreement binding upon the company. *Hutson v. Prudential Ins. Co.*, 122 Ga. 847 (50 SE 1000) ; *Rome Industrial Ins. Co. v. Eidson*, 138 Ga. 592 (75 SE 657) ; *Reliance Life Ins. Co. v. Hightower*, 148 Ga. 843 (98 SE 469) ; *New York Life Ins. Co. v. Patten*, 151 Ga. 185 (106 SE 183). And see *Vulcan Life & Accident Ins. Co. v. United Banking Co.*, 118 Ga. App. 36 (162 SE2d 798).

The company has discharged its liability under the contract by payment of the $5,000 and refund of premiums on the excess of insurance issued above that amount. It was error to enter summary judgment for the plaintiff; judgment should have been entered for the defendant.

*Judgment reversed with direction that judgment be entered for the defendant. Bell, P. J., and Deen, J., concur.*