## 58564. RIDER v. WESTINGHOUSE ELECTRIC CORPORATION et al.

CARLEY, Judge.

Appellant brought suit, as beneficiary of her deceased husband, to recover under a group occupational travel accident insurance policy provided by the appellee-Westinghouse to its employees and underwritten by the appellee-Insurance Company of North America (INA).

For the years 1974 and 1975 appellant's husband received a statement from Westinghouse which purported to inform him of his accrued benefits as an employee of that corporation. The statements were personalized, being headed by the name, social security number, date of birth and other identifying characteristics of the deceased. The documents for both years contained a standardized printed list of employee benefits, with spaces where the value or amount of the individual employee's entitlement to those benefits, which varied according to tenure and salary, were added by computer printout. From 1974 to 1975, while appellant's husband's entitlement to certain benefits was increased, the statements contained the following: "For ACCIDENTAL death, the following would also be paid: If death results from an accident ON THE JOB — $20,000 Personal Accident Insurance Plan PLUS any Workmen's Compensation which applies. If death should result from an accident while you are traveling on Company business, $25,000 Travel Accident Insurance would ALSO be paid." The statements also contained the following advice to Westinghouse employees: "It is important to note that your benefits package represents a valuable part of your total compensation from the Company. Some of your benefits provide for immediate needs, while others are a source of lifelong protection for you and your family. And, as your pay and length of service grow, your benefits keep growing too. It is also important that you take this statement home and review it with members of your family. Not only will this give

them a better idea of the value of the benefits provided by the Company, but it will help them to know the full extent of what you have in the benefits 'bank' and what you can count on if the need arises." Apparently appellant's husband heeded this advice, discussed the statement with appellant and other family members and concluded that, based on this statement, his death benefits coverage was adequate.

Upon the accidental death of her husband in 1975, appellant applied for and received all the benefits to which she was entitled under the statements save one. She was refused the $25,000 "Travel Accident Insurance" benefits. She was informed that entitlement to these benefits was based upon a group policy which specifically excluded from coverage those employees, such as her husband, whose principal job assignment was driving company owned or leased motor vehicles, unless they were traveling outside their territory. Appellant's husband was a Westinghouse truck driver who was killed in an accident which occurred in his regularly assigned territory.

Appellant brought suit against Westinghouse and INA for the $25,000 in travel accident benefits. Appellees answered that the statements issued to appellant's husband which indicated, by way of typing in the "$25,000" figure next to the printed designation of "Travel Accident Insurance" benefits was a computer printout error which would not be controlling over the specific exclusion from coverage contained in the group policy. After discovery both sides moved for summary judgment. Appellant's motion was denied but the trial court granted summary judgment in favor of Westinghouse and INA.

1. As against INA, appellant seeks to recover on a group policy which specifically excludes her husband from coverage under the circumstances of his death — operation, as his principal job assignment, of a company vehicle, in his territory of regular assignment. She urges that, in compiling and issuing the statements furnished to her husband, Westinghouse was the "agent" of INA and that, since the statements purported on their face to extend unqualified coverage for death resulting from an accident while traveling on company business, INA

should be estopped to deny coverage based on the exclusions of the master policy.

There is no evidence that in compiling and issuing the statements Westinghouse was acting as INA's agent. There is no reference whatsoever in the statements to INA, the insurer, and no reference to a specific policy of insurance as the basis for the issuance. Compare *Lipshitz v. New Zealand Ins. Co.,* 34 Ga. App. 825 (131 SE 924) (1926); *Metropolitan Life Ins. Co. v. Fields,* 53 Ga. App. 76, 79 (184 SE 752) (1936); *Lancaster v. Travelers Ins. Co.,* 54 Ga. App. 718 (189 SE 79) (1936); *Cherokee Credit Life Ins. Co. v. Baker,* 119 Ga. App. 579 (168 SE2d 171) (1969). The statements are complete and entire documents by which Westinghouse, in its capacity as employer, advised appellant's husband, its employee, of the benefits he derived by virtue of his employment. The statements do not purport to be "part" of a contract of insurance, the missing elements of which are supplied by reference to a specific policy issued by INA. Compare *Underwriters' Agency v. Sutherlin,* 46 Ga. 652 (1872). There is nothing in the statements which would connect or interlock them with the group policy issued by INA upon which appellant seeks to recover; the statements and the policy are not contemporaneous instruments, each affecting and controlling the same subject matter. Compare *Carruth v. Aetna Life Ins. Co.,* 157 Ga. 608 (122 SE 226) (1924). For all intents and purposes the statements are what they appear to be — documents, entire and complete unto themselves, by which the employer, in that capacity, sought to inform its employee of the benefits to which he was entitled, without specifying the ultimate source, other than the fact of employment, from which that benefit flowed.

"Under the group-insurance policy, the employer is acting for itself and on behalf of its members in order to obtain cheap insurance for them through a group plan. It is representing itself and its members, *not the insurance company.* Its only authority is to issue a certificate of insurance to its employees and to remit the premium therefor to the insurance company, but this does not make it a general agent. The employer is not in the insurance business, but is rendering all the service it can for its employees. It receives no compensation from the

insurance company . . . Applying the above rules to the facts in this case, we do not think the employer . . . was an agent of the insurer, or clothed with any power to waive any of the conditions of the group policy of insurance covering the employee of such employers. . ." *Lancaster v. Travelers Ins. Co.,* 54 Ga. App. 718, 724, supra.

Furthermore, even assuming Westinghouse were the agent of INA in issuing the statements, it would not afford appellant any basis for recovery under the circumstances. "[T]he coverage of the policy [may not] be extended by estoppel or by waiver. The doctrines of implied waiver and of estoppel, based upon the conduct or action of the insurer, or its agent, are not available to bring within the coverage of a policy risks not covered by its terms, or risks expressly excluded therefrom. [Cits.]" *Ballinger v. C. & S. Bank,* 139 Ga. App. 686, 689 (229 SE2d 498) (1976).

Appellant contends that the above stated rules do not apply where, as apparently was the case with her husband, *no* information is supplied by either the employer or the insurer that there is a group policy in effect which may be inspected or that the coverage afforded is subject to exclusions. She urges that since the only information given to her husband was the single statement that if he was killed while traveling on company business $25,000 in "Travel Accident Insurance" benefits would be paid, without reference to a group policy as the source of those benefits, he would not be chargeable as a matter of law with knowledge of the exclusions. It is contended that under these circumstances, her husband was entitled to rely upon the unequivocal statement of coverage. We do not agree that the fact that Westinghouse failed to inform appellant's husband of the group policy or of the exclusion affords the basis for estopping INA from raising the exclusion. The policy in question defined "Persons Insured" as: "All officers and employees of the Policyholder [Westinghouse] in a class or unit *designated by the Policyholder* [Westinghouse] as eligible for insurance hereunder, including all persons coming within the scope of such description at any time during the policy term, but excluding those whose principal job assignment is the driving of cars, trucks or other Company owned or leased

motor vehicles except while they are traveling outside their territory of regular assignment." (Emphasis supplied.) " '. . . Much is made in argument of the proposition that the whole plan and scheme was to furnish protection to the insured. Of course this is true, but it does not follow that the insurer is made chargeable with the conduct of the intermediary who sought to bring the insurer and the insured into relation, who offered and bound itself to pay to the insurer the price demanded for the insurance, and who agreed to perform the office of keeping the insurer informed as to who had accepted, and come under the terms of, the offer . . . The insurer issued a policy that admittedly gave full information to the employer . . . Having furnished to the party acting for and in behalf of the employees full and accurate information as to the terms of the contract it would make, the insurer would not be required to go further or be held responsible for the way in which the employer imparted the information to the employee for whom the employer was acting. If the employer failed of this duty, the employee might have a cause for complaint against his unfaithful representative [cit.], although he would have none against the third party with whom the representative dealt . . ." *Lancaster v. Travelers Ins. Co.,* 54 Ga. App. 718, 722, supra.

As against INA, appellant is the beneficiary of an employee who was specifically excluded from coverage under the policy sued upon. Summary judgment was properly granted to the insurer. *Midland Nat. Ins. Co. v. Wright,* 117 Ga. App. 208 (160 SE2d 262) (1968).

2. As against Westinghouse, however, appellant stands as the beneficiary of its employee, her husband. The statements her husband received were issued to him by Westinghouse. They purported to inform him and the "members of [his] family" of the "full extent of what [he had] in the benefits 'bank' and what [he could] count on if the need arises." He was informed by the statements that he had in his benefits "bank" and could "count on" $25,000 "Travel Accident Insurance" if he were killed in an accident while traveling on company business. He was not informed that his entitlement to this "benefit" was based upon group insurance, which was controlled by a master

policy. Compare *Lipshitz v. New Zealand Ins. Co.,* 34 Ga. App. 825, supra; *Metropolitan Life Ins. Co. v. Fields,* 53 Ga. App. 76, supra; *Lancaster v. Travelers Ins. Co.,* 54 Ga. App. 718, supra; *Cherokee Credit Life Ins. Co. v. Baker,* 119 Ga. App. 579, supra; *Ballinger v. C. & S. Bank,* 139 Ga. App. 686, supra. Apparently appellant's husband had no knowledge of the existence of the specific group policy of insurance, the exclusions of which Westinghouse urges preclude a recovery by his beneficiary of travel accident death benefits, or of his right to inspect it. Compare *Brown v. Mack Trucks, Inc.,* 111 Ga. App. 164 (141 SE2d 208) (1965); *American Liberty Ins. Co. v. Sanders,* 120 Ga. App. 1 (169 SE2d 342) (1969); *Parris & Son v. Campbell,* 128 Ga. App. 165 (196 SE2d 334) (1973). Under such circumstances, the employer may not avoid potential liability to an employee or to his beneficiaries by claiming the benefit of the insurer's defense to recovery based upon the specific exclusions of coverage found in the policy. Here, the employee's right to recover a "benefit" to which his employer has represented an entitlement resulting from his employment, must be determined under our decision in *Hercules, Inc. v. Adams,* 150 Ga. App. 223 (257 SE2d 289) (1979). "Accordingly, the crucial question to be determined in the instant case is whether the information contained in the [statements] adequately placed the employee on notice that the intent of [Westinghouse] was not that the [statements] distributed contained the [complete statement of the employee's benefits] but placed the employee on notice that the [statements] contained a summarization — which was not binding, and the employees could inspect the controlling master plan . . ." *Hercules, Inc.,* supra, at 227.

The representations contained in the statement as to appellant's husband's "Travel Accident Insurance" benefits were those quoted in Division 1 of this opinion which included: "If death results from an accident while you are traveling on Company business, [$25,000] Travel Accident Insurance *would ALSO be paid.*" (Emphasis supplied.) This is the sum total of Westinghouse's representation to appellant's husband as to this benefit. There was no statement that this benefit was based upon Westinghouse's group policy with INA or that appellant's

husband had the right to inspect that policy. There was no specific statement that the "benefit" represented was otherwise qualified. In other words, "[i]n the instant case, the summarized version of the [benefit] did not specify [any qualification on the beneficiary's right to recover]." *Hercules, Inc.*, supra at 226.

It is true that the statements contained the following provision, located on the pages following the unqualified representation as to "Travel Accident Insurance": "We've made every effort to insure that the figures on your statement are accurate. However, you can appreciate that in preparing some 145,000 individual reports, occasional errors may occur. *If you believe any of your figures are inaccurate*, circle the items in question and return the form to your supervisor. You will get a corrected statement or an explanation of why the figures shown are correct." (Emphasis supplied.) However, there was no reason why appellant's husband, not having been informed that his "benefit" was based upon a group policy and, therefore, not chargeable with knowledge of the exclusions contained therein, should have suspected that the $25,000 figure may have been Westinghouse's computer printout error. He was encouraged to question the accuracy of the statement's representations and to discuss his "benefits" with his supervisor *only* if he had reason to suspect an error. Compare *Hercules, Inc.*, supra at 223.

The statements also contained the following provision, again located in a part of the text separate from the representations concerning the "benefits" here in issue: "In all cases, your eligibility for benefits and the determination of actual benefits payments are governed and controlled by the provisions of the various benefit plans." However, nowhere was the employee advised that the "Travel Accident Insurance" benefits were predicated upon a group policy of insurance, the controlling master policy being subject to his inspection to determine the full details of its coverage and exclusions. Compare *Hercules, Inc.*, supra.

Under these circumstances, "[w]e find *the issue of adequacy of the notice* to the employee, that [the master policy of group insurance, to which he had the right of

access, was controlling and that the representations contained in the statement were not], to be within the province of the jury. Thus, the grant of summary judgment [to Westinghouse] was improper . . . " *Hercules, Inc.*, supra at 227.

The record before us contains an *additional* booklet prepared by Westinghouse for delivery to its employees and which does specify the source of the "Travel Accident Insurance" benefits as the INA group policy and informs as to the limited coverage thereunder and the right to obtain "a certificate explaining the details." Were it undisputed that this booklet had been issued to appellant's husband, the case, in our opinion, would be taken out of the *Hercules, Inc.*, reasoning and would be then controlled, adversely to appellant's claim, by the holding in *Cherokee Credit Life Ins. Co. v. Baker*, 119 Ga. App. 579, supra. However, the trial court found that a question of fact remained as to whether appellant's husband was issued this explanatory booklet or, as urged by appellant, he received only the statements entitled "Your Benefits as an Employee of Westinghouse" here sued upon. We are in agreement that such a fact question remains. If the jury determines that appellant's husband received only the ⁄statements and that the notice contained therein as to his limited entitlement to the benefits sought in this action was inadequate, appellant would be entitled to recover against Westinghouse. If the jury determines that such notice was sufficient or that appellant's husband received the additional explanatory booklet, as urged by Westinghouse, a verdict for the employer would be required. These factual questions remaining, the grant of summary judgment to Westinghouse on the basis of the *Cherokee Credit Life Ins. Co.* decision was erroneous.

*Judgment affirmed in part and reversed in part. Deen, C. J., and Shulman, J., concur.*

SUBMITTED SEPTEMBER 6, 1979 — DECIDED DECEMBER 4, 1979 — REHEARING DENIED DECEMBER 19, 1979 —

*Ben F. Smith, Brown & Browning, Thomas J. Browning,* for appellant.

*Frederick E. Link, Williston C. White, J. Kirk Quillian,* for appellees.