419 So.2d 405 (1982)
Susan BLACKMON, Appellant,
v.
NELSON, HESSE, CYRIL, WEBER & SPARROW, a Partnership, Appellee.
No. 81-795.
District Court of Appeal of Florida, Second District.
September 17, 1982.
Guy M. Burns of Jacobs, Robbins, Gaynor, Hampp, Burns, Cole & Shasteen, P.A., St. Petersburg, for appellant.
F. Steven Herb of Nelson, Hesse, Cyril, Weber, Smith & Widman, Sarasota, for appellee.
PER CURIAM.
Nelson, Hesse, Cyril, Weber & Sparrow hired Susan Blackmon as a legal secretary in January, 1979. On April 10, 1979, Blackmon, according to the factual allegations contained in her second amended complaint, asked Ms. Steeves, the office manager, about obtaining coverage under the firm's group health insurance plan. She allegedly told Ms. Steeves that she needed surgery, but this surgery could be delayed until she was enrolled in the health insurance program.
Blackmon alleges that Ms. Steeves then told her she would be included in the health plan upon her completion of her insurance application form that very day, and Ms. Steeves made deductions from her salary for premium benefits to effectuate coverage as of that day. Believing she was covered, Blackmon entered the hospital on April 17 and underwent surgery the following day. Ms. Steeves did not mail her application to the underwriter until April 16, *406 and the company approved her application and made her membership in the group health plan effective April 23.
The trial court erred in dismissing the second amended complaint. Although no Florida courts have considered liability under these circumstances, The Restatement (Second) of Agency section 265 (1958), demonstrates that Blackmon has stated a cause of action in tort.
Section 265. General Rule
(1) A master or other principal is subject to liability for torts which result from reliance upon, or belief in, statements or other conduct within an agent's apparent authority.
(2) Unless there has been reliance, the principal is not liable in tort for conduct of a servant or other agent merely because it is within his apparent authority or apparent scope of employment.
Blackmon's allegations would support a finding that as office manager for Nelson, Hesse, Cyril, Weber & Sparrow, Ms. Steeves had actual and apparent authority in employment matters such as group health insurance. She further alleges that she entered the hospital and underwent surgery relying upon Ms. Steeves' assurance that she would be covered.
In Appleman, Insurance Law and Practice section 43.25 (1981), the authors state with respect to group health insurance contracts that "the employer may, himself, incur a liability arising out of his actions or his failure to act, if the employee has been adversely affected thereby." In Rider v. Westinghouse Electric Corp., 152 Ga. App. 805, 264 S.E.2d 276 (1979), modified, 155 Ga. App. 61, 270 S.E.2d 288 (1980), an employee sued his employer, Westinghouse, to recover travel accident insurance benefits provided by Westinghouse and underwritten by the Insurance Company of North America. Westinghouse had issued a statement to the employee and his family which assured them that the employee was entitled and could "count on" a specified amount of travel accident insurance if he were killed while on a business trip. The court held that in the absence of any notice that the amount of accident insurance was qualified in any way, Westinghouse would be liable for the full amount of the accident insurance represented in the statement to the employee. In the instant case, Blackmon has alleged that her employer's agent's failure to put her on notice of an effective date for her group health insurance different from that represented to her caused her to suffer injury.
In addition "liability may also arise where the employer misadvises concerning the coverage, and representations of the employer ordinarily will be construed in favor of an employee... ." Appleman, § 43.25, at 99, 100. See Boucher v. Valus, 6 Conn. Cir. 661, 298 A.2d 238 (1972). Here, Blackmon has alleged that Ms. Steeves told her that she would be covered when in fact she was not.
Finally, we note that The Restatement (Second) of Torts section 323 (1965), provides:
Section 323. Negligent Performance of Undertaking to Render Services
One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
(a) his failure to exercise such care increases the risk of such harm, or
(b) the harm is suffered because of the other's reliance upon the undertaking.
Appellee undertook, through its agent, to assist employees like Blackmon in obtaining insurance coverage. Any negligence in the discharge of this task would tend to increase the risk of harm to its employees. Blackmon has alleged that she suffered injury arising from her reliance on appellee to procure insurance coverage for her under the group health plan. Accordingly, we reverse the order dismissing count II of Blackmon's second amended complaint and remand for treatment consistent herewith.
HOBSON, A.C.J., and GRIMES and CAMPBELL, JJ., concur.