22444. SOUTHERN SURETY COMPANY OF NEW YORK *v.* FORTSON.

SUTTON, J. 1. While it is true that a policy of accident and health insurance will be avoided where the applicant has made in his application false statements as to matters material to the risk, such as his monthly income or the existence vel non of other insurance, and "where, in conformity with the requirements of section 2471 of the Civil Code of 1910, an application for insurance is actually attached to the policy of insurance, and by the terms of the contract is made a part thereof, any misrepresentation of material facts, made by the agent of the insurer in the application, will be imputed to the insured, and he will not be allowed to claim under the contract without being held to have had actual knowledge of the false statements made in the application actually attached to and forming an integral part of the contract as delivered, accepted and sued on" (*Southern Surety Co.* v. *Fortson,* 44 *Ga. App.* 329, 339, 161 S. E. 679, and cit.), yet where the agent who filled out the application and delivered the policy to the insured had actual knowledge of such

incorrect statements in the application, the insurer will be held to have had notice thereof and to be estopped from asserting the invalidity of the policy because of such incorrect statements in the application. *National Casualty Co.* v. *Borochoff*, 45 *Ga. App.* 745 (165 S. E. 905). Under the evidence adduced upon the trial of this case, the jury were authorized to find that the agent of the insurance company, who filled out the application of the insured, countersigned the policy, delivered it to the insured and collected the premium, knew that the insured had other accident insurance, and knew that his monthly income was not in excess of the monthly indemnity under all policies carried by him.

2. Under the ruling in *National Casualty Co.* v. *Borochoff*, supra, to the effect that where the agent who took the application for accident insurance and delivered the policy had actual knowledge of false material representations in the application, the insurer was estopped from asserting the invalidity of the policy, the court did not err in permitting the insured to testify that he did not know what was in the application, that the agent filled it out, after asking him only questions as to his age, height, weight, and health, and to whom he wanted the policy made, that he did not thereafter read the application, and that he informed the agent that he had other accident insurance. Such evidence was admissible as tending to show that the insurer was estopped in the instant case.

3. The instructions complained of by the insurance company as being confusing and misleading to the jury and as being erroneous statements of abstract principles of law, were merely statements of the contentions of the parties, and, under the pleadings, the evidence, and certain questions in the application for the policy of insurance, were substantially correct. In these circumstances, the court did not err in so charging. The court, in charging upon the law of the case, instructed the jury as to the correct and applicable principles of law involved in this case, under the pleadings and the evidence.

4. "The several insurance companies of this State, and foreign insurance companies doing business in this State, in all cases when a loss occurs, and they refuse to pay the same within sixty days after a demand shall have been made by the holder of the policy on which said loss occurred, shall be liable to pay the holder of said policy, in addition to the loss, not more than twenty-five per cent. on the liability of said company for said loss; also, all reasonable attorney's fees for the prosecution of the case against said company; provided, it shall be made to appear to the jury trying the same that the refusal of the company to pay said loss was in bad faith." Civil Code (1910), § 2549. There was a demand in direct terms averred in the petition in this case, and there was evidence of a demand having been made meeting the requirements of the above section of the code, and a refusal by the insurance company, and the court gave in charge to the jury the law embraced in this code section, and instructed them that it was entirely a question for them to determine whether or not the insurance company acted in bad faith in refusing to make payment. In these circumstances we can not hold that the jury were unauthorized to find that the insured was entitled to the verdict for twenty-five per cent. damages and attorney's fees found in his favor by the jury.

5. The evidence authorized the verdict, and the court did not err in overruling the motion for new trial.

   *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

   DECIDED JANUARY 12, 1933.

*Earle Norman,* for plaintiff in error.  *B. W. Fortson,* contra.

JENKINS, P. J., concurring specially.  I concur in the judgment in this case on the theory that it is distinguishable from that of *Metropolitan Life Ins. Co.* v. *Alexander,* 43 *Ga. App.* 385 (159 S. E. 124), in that, in the instant case, the policy was actually put in force by the agent, who had knowledge of all the facts, the policy itself providing that it should not be valid until and unless countersigned by such agent.  See, in this connection, *New York Life Ins. Co.* v. *Patten,* 151 *Ga.* 185, 187 (106 S. E. 183), in which distinction is drawn between the powers of agents of life insurance companies, and agents of fire insurance and other companies, where the agent has power to fill up and issue the policies, "and the acts and knowledge of such agent are the acts and knowledge of the company."