## 38249.   RESERVE LIFE INSURANCE COMPANY v. AYERS.

FRANKUM, Judge.   1. Bad faith will authorize the award of a penalty and attorney's fees under the provisions of Code § 56-706, but "this bad faith 'must occur at the time the company fails to pay the benefit provided for in a policy of full force and effect at the expiration of the 60-day period after proof of loss and demand for payment has been made, rather than at the time of the trial'." *Life & Cas. Ins. Co. of Tenn. v. Brown,* 95 Ga. App. 354 (98 S. E. 2d 68); *Calvert Fire Ins. Co. v. Mack,* 88 Ga. App. 617 (76 S. E. 2d 829); *American Fire &c. Co. v. Barfield,* 81 Ga. App. 887 (60 S. E. 2d 383); *Independent Life &c. Ins. Co. v. Hopkins,* 80 Ga. App. 348 (56 S. E. 2d 177); *Life & Cas. Ins. Co. of Tenn. v. Smith,* 51 Ga. App. 122 (179 S. E. 744).   The plaintiff filed an action against the defendant alleging a refusal by the defendant to pay a valid claim under an insurance policy.   The defendant filed an answer setting up as a defense that the plaintiff had made fraudulent representations in his application for insurance by falsely answering questions therein contained.   The insured then filed an amendment alleging that the defendant's answer was made in bad faith because the plaintiff had not falsified the application; that the defendant knew or should have known that such answer was made to humiliate and embarrass the plaintiff and to hold him out as a man without honor, a crook, scoundrel, a liar, and as a cheat and swindler.   The plaintiff prayed for $7,500, in addition to the $500 originally prayed for in the petition, as reasonable attorney's fees, to refute the defendant's attack by the defendant's answer on the character and honor of the plaintiff's good name.   It was error for the trial court to overrule the defendant's timely demurrer to the allegations in the plaintiff's amendment relative to defaming the plaintiff's character as basis for attorney's fees, because such allegations relate to an event subsequent to the defendant's refusal to pay the plaintiff's claim.   The issue is whether or not the insurance company frivolously or by unfounded reason refused to pay a just claim (*Reserve Life Ins. Co. v. Bearden,* 96 Ga. App. 549, 101 S. E. 2d 120), and not whether the insurance company is defending the case in bad faith.   *Reserve Life Insurance Co. v. Bearden,* supra,

is similar to the instant case. However, the elements of bad faith were related to the refusal to pay. The original petition in the instant case alleged that the plaintiff had performed the conditions necessary under the provisions of the insurance contract to be entitled to be paid the benefits provided by the policy. In *North British &c. Ins. Co. v. Parnell,* 53 Ga. App. 178 (185 S. E. 122), the court held that similar allegations were sufficient facts to support an allegation of a bad faith refusal to pay to authorize an award of the statutory penalty and attorney's fees as prescribed by Code § 56-706. In the event bad faith is shown in the refusal to pay the claim by the insurance company, the additional work, time, and effort by the plaintiff's attorney to meet an unfounded affirmative defense by the defendant would be a proper element to consider in awarding reasonable attorney's fees for the prosecution of the case against the company, but we know of no provision of law which allows punitive damages and attorney's fees because the defendant pleads an unfounded defense. The trial court erred in overruling the defendant's special demurrers 5, 6, 7, and 8. The original petition and the amendment met the criticism of the defendant's other demurrers.

2. As the judgment must be reversed on the pleadings, and the grounds of the amended motion for a new trial complain of the trial court's charge relative to the award of attorney's fees on issues raised by the pleadings which have been removed from the case at the present time by the above ruling, or concern rulings on evidence which probably will not reoccur on a future trial of this case, this court will not rule on the merits of these grounds.

*Judgment reversed. Gardner, P. J., Townsend and Carlisle, JJ., concur.*

DECIDED JUNE 23, 1960.

*Eugene M. Kerr,* for plaintiff in error.
*Randall Evans, Jr.,* contra.