38815. RESERVE LIFE INSURANCE COMPANY v. AYERS.

Townsend, Presiding Judge. 1. This bill of exceptions is in proper form, signed by the counsel of record for the plaintiff in error, and is followed by a certificate in proper form signed by the trial judge. The fact that such certificate recites that the bill of exceptions consists of five pages, where it actually consists of five full pages plus a sixth page containing five lines and the signature, is considered by this court to be a typographical or clerical error, and will not serve to void the bill of exceptions. The motion to dismiss is denied.

2. (a) When this case was here before (*Reserve Life Ins. Co. v. Ayers*, 101 Ga. App. 887, 115 S. E. 2d 477) it was held that allegations seeking $8,000 as attorney fees because of alleged bad faith of the defendant insurance company in refusing to pay a claim for hospitalization insurance was not subject to a demurrer on the ground that such fee was excessive as a matter of law in view of the small amount of the claim. That decision is the law of the case, and another demurrer raising the same ground of objection to an amendment filed after the case was returned to the trial court was properly overruled.

(b) It was further stated in the first decision that "the additional work, time, and effort by the plaintiff's attorney to meet an unfounded affirmative defense by the defendant would be a proper element to consider in awarding reasonable attorney's fees for the prosecution of the case against the company." One method of pleading is to state the facts upon which the pleader relies for recovery, and to allow the court and jury to draw the proper conclusions of law from such facts. The plaintiff here in his amendment set out the various defenses which he had filed, and the fact that there was a trial, verdict and judgment thereon followed by an appeal in which the case was reversed for stated reasons. The plaintiff in error argues that to allow the attorney for the plaintiff in error to recover fees for time and effort spent on the case which was in fact reversed because of an error in pleading and presentation is to force the defendant to pay the plaintiff's counsel for such counsel's error. This argument might have been expected to influence a jury in assessing the reasonableness of the fee, which is a jury question, but the fact that the plaintiff alleges these matters as a basis upon which to predicate attorney fees, based on time and effort spent on the case, does not make the allegations subject to demurrer.

3. Whether or not the two policies of insurance, both bearing the number "J-760123" and having the same effective date (one covering hospital confinement and the other medical expenses) were in fact a single policy, and whether or not the plaintiff could, over proper objection, recover only on the medical expense policy attached to his amended petition, the plaintiff did sue for expenses of hospitalization, and offered into evidence both policies simultaneously. The objection: "I object to the introduction of these policies because both of these policies were not plead" was not good, at least as to the policy which was plead and attached to plaintiff's amended petition. "Where evidence, partly competent and partly incompetent, was offered as a whole and objected to as a whole, the illegal portion not being objected to separately, admitting all of such evidence affords no legal cause for complaint to the objecting party." *Loughridge v. State,* 181 Ga. 261 (4) (182 S. E. 12). It was not error to admit both policies over the objection urged.

4. The remaining special grounds of the amended motion for a

new trial contend that the award of attorney fees in the sum of $8,000 is the result of bias and prejudice, is without evidence to support it, and is contrary to the evidence because no bad faith on the part of the insurer is shown. This policy contained a provision rendering it incontestable after two years except for "fraudulent misstatements made by the applicant in the application." The evidence in this record is undisputed that the soliciting agent had actual knowledge of the plaintiff's former gall bladder trouble at the time she filled out the application for his signature. It was held in *Southern Surety Co. v. Fortson,* 46 Ga. App. 265 (167 S. E. 335) that such knowledge on the part of the agent not only estopped the company from contesting the claim, but also presented a jury question as to the bad faith issue. In *Reserve Life Ins. Co. v. Bearden,* 96 Ga. App. 549 (101 S. E. 2d 120) it was held that where the evidence showed that the insurer had imputed but not actual knowledge of the fact that the acts of its agent estopped it from relying on the defense of misrepresentation, a recovery for penalty and attorney fees was unauthorized. Whether or not these cases are in conflict, there is in this record no evidence of any investigation whatever on the part of the defendant to determine whether the misrepresentation in the application was fraudulent in character, and no evidence that it did not have knowledge of all the facts at the time of the refusal to pay. Accordingly, following the ruling in the *Fortson* case, we hold that the question of attorney fees was for the jury. The verdict was supported by evidence, being in the precise sum the plaintiff's attorney testified, without contradiction, that his services were worth. It is not made to appear that it was the result of bias or prejudice; the jury had a right to consider the total amount of work done, including the former appeal of this case, and to return a verdict in the amount sued for.

The trial court did not err in overruling the demurrers to the petition or in denying the motion for a new trial.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*

DECIDED APRIL 11, 1961—REHEARING DENIED APRIL 27, 1961.

*Eugene M. Kerr,* for plaintiff in error.
*Randall Evans, Jr.,* contra.