## 39567. NATIONAL-BEN FRANKLIN INSURANCE COMPANY v. PRATHER.

312

DECIDED JULY 11, 1962.

*Fulcher, Fulcher, Hagler & Harper, Gould B. Hagler,* for plaintiff in error.

*Randall Evans, Jr.,* contra.

HALL, Judge. ▇ The fundamental question in this case is whether the plaintiff proved his case as laid. The law required the plaintiff to attach to his petition a copy of "what appears upon the face or in the body of the policy." *Code* § 81-105. The quoted words from the Code section have been held to mean "all stipulations embraced in that part of the policy which precedes the signatures of the company's officers by whom it was executed." *Gaynor v. Travelers Ins. Co.,* 12 Ga. App. 601 (77 SE 1072); *Metropolitan Life Ins. Co. v. Harrod,* 46 Ga. App. 127, 128 (166 SE 870). The petition alleged that an exhibit attached thereto was such a copy. The defendant's answer denied this allegation.

In *Lankford v. State Life Ins. Co.,* 57 Ga. App. 626, 632 (195 SE 907), we find the statement: "The plaintiffs were not required . . . to set forth, as an exhibit, more than the face of the policy." What the court appears to have held, however, was that the provisions of a page "incorporated by reference in the policies" need not be set forth. Accord, *Sovereign Camp WOW v. Keen,* 16 Ga. App. 703, 706 (86 SE 88); *American*

*Home Mut. Life Ins. Co. v. Harvey,* 99 Ga. App. 582, 585 (109 SE2d 322). The decisions do not differentiate between the "face" and the "body" of the policy. The word "or" is "used to clarify what has already been said, and in such cases, means 'in other words,' 'to wit,' or 'that is to say.' Black's Law Dictionary, 4th Ed., 1951, p. 1246." *Purdy v. Quinn,* 104 Ga. App. 385, 386 (121 SE2d 699). This definition of "or" in reference to the words "upon the face or in the body of the policy" in *Code* § 81-105 is consistent with reason and the previous court decisions. The terms "face" and "body" both have the meaning given them in *Gaynor v. Travelers Ins. Co.,* 12 Ga. App. 601, supra; *Metropolitan Life Ins. Co. v. Harrod,* 46 Ga. App. 127, supra.

The defendant admitted that the policy contained a certain provision upon which the plaintiff relied for recovery. This admission did not, however, relieve the plaintiff of proving "what appears upon the face or in the body of the policy," made by law a necessary element of his cause of action. The truth of the allegation that the exhibit attached to the petition was "all stipulations embraced in that part of the policy which precedes the signatures of the company's officers by whom it was executed" —or was "a copy of what appears upon the face of the policy," as the plaintiff alleged—can be proved only by evidence of the policy itself. The plaintiff did not introduce the policy in evidence, and it was not in evidence.

The plaintiff proved by the defendant's admission the part of the policy that he desired to have in evidence, and contends that the burden was on the defendant to prove other provisions of the policy which it wished to rely on. When the law prescribes that the plaintiff must lay its case on what appears upon the face or in the body of the policy, the intent of the law is that the cause of action be based on the whole of "what appears upon the face or in the body of the policy." In the face of such a statute it would be obviously unreasonable and unfair to permit the plaintiff to plead and prove only the part favorable to him.

The plaintiff cites *Odell v. Wessinger,* 54 Ga. App. 838 (189 SE 367); *Crockett & Co. v. Garrard & Co.,* 4 Ga. App. 360

(61 SE 552), and other cases holding that the defendant's simple denial of the execution of a contract pleaded by the plaintiff does not amount to a plea of a non est factum, which defense must be specially pleaded. These cases are not controlling. In the present case what the defendant denied was that the exhibit attached to plaintiff's petition contained all of the contract provisions essential to the cause of action as prescribed by statute.

We do not construe the cases holding that the defendant insurance company has the burden to establish a defense based upon an exclusion in the policy to mean that the defendant has the burden to prove a policy provision upon which its defense is based, when such provision is upon the face or in the body of the policy. The cases applying the above rule merely hold that the defendant has the burden to prove facts establishing a defense or exclusion within the policy. *American Fire &c. Co. v. Barfield*, 81 Ga. App. 887, 892 (60 SE2d 383). Accord *New Amsterdam Cas. Co. v. Russell*, 102 Ga. App. 597, 600 (117 SE2d 239). (For the purposes of this opinion we may assume that the provision relied on by the defendant was an exclusion, though we do not so decide.)

The plaintiff did not produce the policy for use as evidence by the defendant in response to defendant's notice to produce, contending that the notice was void because of a technical defect in signing. Since the question of the court's refusal to compel the plaintiff to produce the policy, based on its ruling that no proper notice to produce was served, is not likely to arise on another trial, we do not pass on that question. Nor is it necessary to pass on the question whether the introduction of the policy by the defendant would have cured the defect in plaintiff's proof. That it is essential for all the terms of the contract involved in the dispute to be before the jury hardly needs saying.

The plaintiff did not establish the material allegations of his cause of action, as he had the burden to do. *Reserve Life Ins. Co. v. Gay*, 96 Ga. App. 601, 604 (101 SE2d 158). The trial court erred, therefore, in overruling the general grounds of the motion for new trial.

■ The ground of defendant's motion for judgment notwith-

standing the verdict is that the evidence conclusively showed that there could be no recovery because of the policy provision pleaded by the defendant. Since the policy was not in evidence, we cannot reach the question whether the evidence proved no right to recovery thereunder. Neither the defendant's answer, nor the statement of the policy provision upon which coverage was denied in a letter written by defendant's adjuster, which were in evidence, was sufficient proof of the policy provision. *Patrick v. Holliday*, 200 Ga. 259, 262 (36 SE2d 769); *Morris v. City Council of Augusta*, 204 Ga. 26, 32 (48 SE2d 855); *Malcom v. Aldredge*, 208 Ga. 297 (66 SE2d 750); *Denton v. Etheridge*, 73 Ga. App. 221, 227 (36 SE2d 365).

The trial court did not err in overruling the defendant's motion for judgment notwithstanding the verdict.

■ Demurrers 7 and 8 complain of the allegations and prayers seeking to recover $4,739.31 as attorney's fees on the ground that this amount "is not a reasonable attorney's fee but is unreasonable and excessive as a matter of law in view of the amount involved and the nature of the claim involved in said petition." This court has held that an allegation seeking attorney's fees far in excess of the amount of the claim sued for, "because of alleged bad faith of the defendant insurance company in refusing to pay a claim . . . was not subject to a demurrer on the ground that such fee was excessive as a matter of law in view of the small amount of the claim." *Reserve Life Ins. Co. v. Ayers*, 103 Ga. App. 576 (120 SE2d 165); *Reserve Life Ins. Co. v. Ayers*, 101 Ga. App. 887 (115 SE2d 477). The basis for the recovery of attorney's fees is proof of bad faith in refusal to pay a claim with resulting additional work, time and effort by the plaintiff's attorney in the prosecution of the case against the company. *Reserve Life Ins. Co. v. Ayers*, 101 Ga. App. 887, 888, supra. The trial court did not err in overruling these demurrers.

■ In view of the interpretation of *Code* § 81-105 discussed in Division 1, the trial court did not err in overruling paragraphs 2, 3, and 4 of defendant's demurrers. With respect to demurrers 5 and 6, it does not appear that the matters the defendant contends should have been pleaded were essential to

plaintiff's petition. The trial court did not err in overruling these demurrers.

All other assignments of error either have been abandoned, involve errors that are not likely to occur on another trial, or are controlled by the holdings in Division 1, and hence do not require specific rulings.

*Judgment reversed. Felton, C. J., and Bell, J., concur.*