40610. INTERSTATE LIFE & ACCIDENT INSURANCE COMPANY v. WILLIAMSON for use, etc.

DECIDED OCTOBER 28, 1964.

*Nall, Miller, Cadenhead & Dennis, Theodore G. Frankel, Thomas A. Rice,* for plaintiff in error.

*Ernest Bostick, Grubbs, Prosser & Burke, Jordan H. Prosser,* contra.

FELTON, Chief Judge. ■ Plaintiff in error does not argue the general grounds of the motion for a new trial and they are considered as abandoned. Therefore, we should consider only the special grounds and the overruling of the motion for a judgment n.o.v. as to damages and attorney's fees. In this case a physician, whom the plaintiff consulted on July 13, 1960, testified that the plaintiff had told him at that time, in response to his question as to whether she had had any injury to her back, that she had injured her back about 4 months previously while bending over to pick up a shoe. Mrs. Williamson disputed this statement. If the testimony of the physician had been accepted by the jury the evidence would have shown conclusively that the illness out of which the claims on the policy arose was in existence prior to the date of the issuance of the policy, in which event the plaintiff would not have been entitled

to recover anything. This testimony on the part of the physician furnished a reasonable ground for the insured to contest the plaintiff's claim and in such a case there is no bad faith and a verdict for damages and attorney's fees is not authorized. *Dependable Ins. Co. v. Gibbs,* 218 Ga. 305 (8) (127 SE2d 454). In *Travelers Ins. Co. v. Sheppard,* 85 Ga. 751 (12 SE 18) it is stated at page 765: "The faith of the company should not be judged by the preliminary proofs or other *ex parte* affidavits, but by the case made at the trial. The preliminary proofs go to the liability, not to the faith of the company. Its duty to pay without delay or resistance, would arise out of the fact of accidental death and the reception of sufficient preliminary proofs, and that duty could not be made more obligatory by any additional information volunteered by the plaintiff before or after suit. In refusing payment after due demand according to the statute, the company would act at its peril, a peril neither increased nor diminished by the amount of information it might have or obtain, but only by the weakness or strength of its defence as manifested at the trial, any weakness in the plaintiff's case being, of course, counted as part of the strength of the defence. A defence going *far enough to show reasonable and probable cause for making it, would vindicate the good faith of the company as effectually as would a complete defence to the action.* On the other hand, any defence not manifesting such reasonable and probable cause, would expose the company to the imputation of bad faith and to the assessment of damages therefor under section 2850 of the code." (Emphasis supplied.) The Supreme Court confirmed the above ruling in answer to a certified question in *Interstate Life & Accident Ins. Co. v. Williamson,* 220 Ga. 323 (138 SE2d 668). We call attention to some of the other rulings by this court in addition to the one cited by the Supreme Court, which seem to be in conflict with the case next above referred to, to wit: *Reserve Life Ins. Co. v. Ayers,* 101 Ga. App. 887 (115 SE2d 477); *Government Employees Ins. Co. v. Hardin,* 108 Ga. App. 230 (132 SE2d 513) and cases cited. This list does not exhaust the cases making similar rulings. The unlisted cases, however, should be examined to ascertain whether there is a conflict with the *Sheppard* case,

supra. The above completely answers the contention of Mrs. Williamson that because the insurance company did not have the information testified to by the physician at the trial until after it had declined to pay Mrs. Williamson's claim on demand, a verdict for attorney's fees and bad faith was authorized. The test of bad faith within the meaning of the law in such cases is as of the time of trial, in the final analysis, and not at the time of refusal to pay upon demand. Whatever the facts are at the time of such refusal to pay if at the trial there was a reasonable ground for the insurer to contest the claim there can be no finding against the insurance company for bad faith and attorney's fees regardless of the outcome of the case. This does not imply that in every case where there is enough evidence at the trial to authorize a finding for an insurer no penalty can be found. In this case the doctor was not an agent of the company and the company could not be held to be chargeable with any fraud or false swearing on his part as to authorize a finding that the case was defended in bad faith. Nor do we mean to hold that an insurer may not be excused from the penalty of refusing to pay in bad faith when it shows that it acted in good faith at the time of refusal to pay. The evidence demanded a finding for the defendant on the issue of bad faith penalty and attorney's fees and the court erred in overruling the motion for a judgment notwithstanding the verdict as to these two issues. For the above reason also, the erroneous overruling of the special grounds dealing with these items requires the alternative judgment reversing the overruling of the motion for a new trial on the special grounds dealing with penalty and attorney's fees.

■ It is not necessary to pass on special grounds 12 and 13.

The judgment of the court overruling the motion for a judgment n.o.v. as to damages and attorney's fees is reversed with direction that judgment be entered in accordance with the motion. The judgment of the court overruling the special grounds of the amended motion for a new trial dealing with bad faith damages and attorney's fees is reversed.

*Judgments reversed in part and affirmed in part with direction. Frankum and Pannell, JJ., concur.*