## 47592. WALKER v. THE STATE.

DEEN, Judge. The defendant was indicted, tried and convicted of theft by taking. The evidence showed among other things that she had worked for almost two years as secretary in a doctor's office; that she cashed over $13,000 worth of checks dated between July, 1969, and March, 1971, made out to her employer, Dr. Bickers, the proceeds of which were unaccounted for, and that his endorsement had been forged thereon. The six enumerations of error are directed to the allegedly erroneous admission of evidence over objection. *Held:*

1. Duval, a certified public accountant, testified that he examined the office books on a quarterly basis, including cash receipt journal sheets, check stubs, bank records, including bank deposits, and patient charge fees. "In 1970 and 1971 we obtained copies of the deposit sheets directly from the bank on which the checks were listed and they were not on the deposit sheet. We didn't have the deposit slips for 1971. Q. Do you know where those sheets are? A. They were missing. When Miss Youngblood disappeared they were missing too." An objection

that "there is no evidence of her disappearing at that time," was overruled. If the objection was intended to attack the testimony as hearsay or a conclusion on the ground that the witness had no personal knowledge of the defendant's disappearance it might, if properly stated, have been a good objection; however, this testimony was supplied by Dr. Bickers who testified that the defendant left precipitously, and the ledger sheets also vanished, in the middle of a conference in which she was being questioned about accounts. The witness was then asked whether the cash receipts journal sheets were later recovered, to which he replied in the affirmative, and then if he had an opinion as to whether the funds had been entered in the account, to which he replied that they had not, over objection that the records themselves were the best evidence. It was held in *Griffin v. Wise,* 115 Ga. 610, 612 (41 SE 1003) that while there are other ways of proving the fact, testimony that the witness has examined a given book or record and that it does *not* contain entries is admissible. This witness, a certified public accountant who regularly drew up financial statements for the medical office, was qualified to state the results of his investigation. Additionally, we note that certain of the cash receipts journal sheets which are not a part of the record on appeal were in fact introduced in evidence. Enumerations of error 1, 2 and 3 are without merit.

2. "Proof of handwriting may be resorted to in the absence of direct evidence of execution. In such case, any witness shall be competent to testify as to his belief, who shall swear that he knows or would recognize the handwriting. The source of his knowledge shall be a question for investigation and shall go entirely to the credit and weight of his evidence." *Code* § 38-708. "Other writings, proved or acknowledged to be genuine, may be admitted in evidence for the purpose of comparison by the jury. Such other new papers, *when intended to be introduced,* shall be submitted to the opposite party before he announces himself ready for trial." *Code* § 38-709.

Massey, a handwriting expert, testified that in his opinion the signature of the payee on the checks was forged, and that he had formed this opinion by comparing the endorsements on the checks with other signatures which Dr. Bickers testified were genuine. To demonstrate the manner in which his opinion had been arrived at the witness exhibited differences between the sets on a blackboard and by means of enlarged photographs. The acknowledged signatures were not introduced in evidence. Various objections were interposed. Defendant's counsel first stated he would "object to him until he gets them in there, the twenty-three checks." This may have referred to a batch of 20 checks admittedly genuine, or it may have referred to certain of the forged checks. When the copy samples were offered for inspection counsel objected "to the jury seeing any documents before they are introduced in evidence." The copy prepared by the crime laboratory was then offered "in order for the jury to see what his examination determined" and the objection was not renewed. A third colloquy occurred after the comparison testimony when defendant's counsel said he "would like for the exhibits he used for the comparison of the known handwriting to be entered" and was told "they are definitely here." Later the documents containing the known signatures were offered in evidence, objected to on the ground the defendant had not received notice under *Code* § 38-709, and ruled out. Thereafter a motion to strike all the testimony of Massey and Duval was overruled. The remaining enumerations of error appear to refer to these rulings.

"A specific objection showing harmful error must be offered at the time the evidence is presented." *McDaniel v. State,* 197 Ga. 757 (2a) (30 SE2d 612); *Barrow v. Ga. Lightweight Aggregate Co.,* 103 Ga. App. 704 (14) (120 SE2d 636). *Code* § 38-709 is not here involved since the acknowledged genuine documents were not introduced in evidence for jury comparison. The first objections by defendant's counsel were on the ground that "twenty-three"

checks were not in evidence and later that the *copy samples* were not in evidence, at which time they were tendered without objection. Under these circumstances the motion to rule out the testimony came too late, and was not sufficiently specific where it was in the form of a motion to rule out all of the testimony of two witnesses, at least a part of which was admissible. *Loughridge v. State,* 181 Ga. 261 (4) (182 SE 12); *Reserve Life Ins. Co. v. Ayers,* 103 Ga. App. 576 (3) (120 SE2d 165). This does not constitute a ruling that, over proper objection, the State may be allowed to do indirectly what it cannot do directly, and had the testimony and enlarged facsimiles offered to show the witness' method of procedure been objected to at the time on the ground that they, being merely blow-ups of the genuine signatures, were also subject to the notice provisions of *Code* § 38-709, a different question might have been presented.

3. The verdict was amply supported by the evidence.

*Judgment affirmed. Eberhardt, P. J., and Clark, J., concur.*
ARGUED OCTOBER 6, 1972—DECIDED OCTOBER 27, 1972.

*William T. Brooks,* for appellant.
*Lewis R. Slaton, District Attorney, Joel M. Feldman, Richard E. Hicks, Morris H. Rosenberg,* for appellee.