John A. Valenti, J.
One Edward J. Pasko, husband of Helen Pasko, instituted this action to recover the sum of $1,468.57. His action was based on a claim that -he, as beneficiary, was *351 entitled to certain payments pursuant to various instruments executed between defendant union and defendant Brady Food Service Corporation, the latter, employer of Helen Pasto, who died February 20,1959. Prior to the death of Helen Pasto, the defendant union issued its ‘1 Certificate of Coverage ’ ’ to said Helen Pasto, the effective date of which was February 10, 1959. Pursuant to said certificate, “Member’s Coverage ” included $1,000 as life insurance, hospitalization benefits, surgical benefits, etc.
During the pendency of the action, Edward J. Pasto died on April 6,1960, leaving a last will and testament in which Anne J. Pasto was named executrix. Letters testatmentary were issued on September 23, 1960, and on November 10, 1960, pursuant to order of this court, said Anne J. Pasto was substituted as plaintiff herein.
The defendant union, as set forth in its amended answer, urges:
1 — That the “ Certificate of Coverage ” was erroneously issued after the decease of Helen Pasto and, therefore, not entitled to any benefits;
2 — That the employer, defendant Brady Food Service Corporation, failed to make timely contributions required under the major contract between the union and the employer;
3 — That said employer, however, did thereafter make the payments without the union’s knowledge of the employee’s death.
No proof was offered that the “ Certificate of Coverage ” was issued in error. On the contrary, I find that such certificate was issued and dated February 10, 1959, prior to the decease of Helen Pasto. As to the union’s claim that she had not been in the employ of defendant Brady for one year prior to her death, the conceded facts admit she had been re-employed January 27, 1958 to time of death, which is more than one year. While the union claims that she did not work during June, 1958, and that her unemployment ceased January 19,1959, the master contract provides that if the employee is absent on account of sickness or injury, employment shall be deemed to continue until payments for such employee’s benefits are discontinued; and if temporarily laid off, employment shall be deemed to continue for two months following cessation of active work.
The union’s claim, therefore, that payments had not been made in accordance with the terms of said “Master Policy” is defeated by its admitted subsequent receipt of such payments which it never returned and still retains. The union, by receiving, accepting and retaining the alleged late payments by the *352 employer, waived any breach by the employer. It retained these payments with knowledge of the facts it now urges as a defense. The courts have consistently held that under the circumstances herein, the insurer (union herein) waived any forfeiture. (Curnen v. Law Union & Rock Ins. Co., 159 App. Div. 493; Bible v. John Hancock Mut. Life Ins. Co., 256 N. Y. 458; Boardman v. John Hancock Mut. Life Ins. Co., 279 App. Div. 1112.)
The union further claims that, its trustees having rejected the claim herein, therefore the complaint should be dismissed as against it, because their determination was final. The “ Master Policy” provides “ that the trustees shall have sole and exclusive authority to determine and approve or disapprove all applications and claims # * * and that their decision “ shall be final, binding and conclusive.”
Such a contention is repugnant to justice — and certainly untenable. It is the settled law in the State that a party to a contract is ineligible to act in a quasi-judicial capacity to decide disputes under it. (Matter of Pisciotta [Newspaper Enterprises], 5 A D 2d 1014; Matter of Gross & Brown [Nelson], 4 A D 2d 501; Matter of Astoria Med. Group [Health Ins. Plan], 13 A D 2d 288, 290.)
The union’s claim that the court has no jurisdiction is without merit. Plaintiff’s intestate, as a third-party beneficiary, may institute suit under the collective bargaining contract and need not resort to a court of equity. (MacKay v. Loews, Inc., 182 F. 2d 170; cf. Gulla v. Barton, 164 App. Div. 293; Hudak v. Hornell Industries, 304 N. Y. 207, 214.)
As hereinbefore stated, the life insurance payable, as set forth in the “ Certificate of Coverage ” amounts to $1000. No proof was presented by the plaintiff entitling her to any other benefit payments. I am, therefore, constrained to find for the plaintiff and against the defendants constituting the union in the sum of $1000, with interest as demanded in the complaint. As to defendant Brady Food Service Corporation, the complaint is dismissed on the merits.