Blue Cross of Northeastern New York, Inc., Appellant, *v.* Raymond Ayotte et al., Respondents.

Third Department, November 23, 1970.

*Hinman, Straub, Pigors & Manning* (*Joseph Boochever* of counsel), for appellant.

*O'Connell & Wolfe* for respondents.

Greenblott, J. This is an appeal from an order of the Supreme Court at Special Term, entered May 23, 1969 in Albany County, which denied plaintiff's motion for summary judgment.

In 1957, appellant and the State of New York entered into a contract whereby appellant agreed to provide benefits for hos-

pital service to employees of the State and their dependents. Respondent Raymond Ayotte was a State employee and both he and his wife, Mabel, were covered under this contract.

From March 20, 1967 to April 7, 1967, Mabel Ayotte was hospitalized at Physicians Hospital. In accordance with the terms of the contract, appellant paid to the hospital $1,009.92 towards a total hospital bill of $1,063.92. Subsequently, appellant discovered that the wife was employed by the Georgia-Pacific Company and covered by a group health insurance policy issued to that company by Metropolitan Life Insurance Company. Under the Georgia-Pacific plan, she received $721.92 to cover her hospitalization. Appellant contends that respondent was entitled to recover only the difference between the cost of hospitalization ($1,063.92) and the amount paid under the Georgia-Pacific plan ($721.92), and that this sum ($342) represents its indebtedness, leaving a balance due to appellant from respondents of $667.92.

Pursuant to the contract, respondent received a " Certificate Under Group Contract " which provided that: " The benefits under said Group Contract and its provisions set forth in the following pages of this Certificate are subject to change in accordance with the provisions of said Group Contract. This Certificate is merely evidence of coverage and does not in any way constitute a contract."

Article VI of the certificate, captioned " Exclusions ", reads in part: " Benefits shall not be provided for:  *  *  *

" 8. Services for which the Employee or the Dependent is not required to make payment; expenses resulting from any hospital admission to the extent of benefits provided under any Employer Group Plan other than this Contract."

On August 1, 1966, appellant and the State, agreeing to modify and amend the insurance contract, added article XVIII which provided for nonduplication of benefits. In essence, following article VI of the certificate, it states that if any beneficiary of this plan, an employee or a dependent, is covered under a group insurance contract issued by another employer, then the benefits payable under this plan shall be reduced by the amount payable under the other plan. It contains various adjustment provisions which prorate the amounts payable between the carriers to assure that the beneficiary receives neither more nor less than the total cost of the hospitalization. Appellant is also given a right of recovery against any person who receives payment from another carrier.

In opposition to the motion for summary judgment, respondent asserted that he was unaware of the amendment to the policy and that his wife had no privity with appellant. Special Term

agreed and denied the motion, reasoning (1) that the contract was unilateral as far as Mrs. Ayotte was concerned; (2) the nonduplication of benefits provision might be contrary to public policy; (3) the President of the Civil Service Commission is a necessary party; and (4) since respondents did not receive a copy of the amendment they may not be bound by it.

Privity in an action by or against the beneficiary of this type of contract has not been required in New York for nearly half a century (*Seaver v. Ransom*, 224 N. Y. 233; *Weiner v. Physicians News Serv.*, 13 A D 2d 737). Furthermore, it is well settled that an employee and his dependents are third-party beneficiaries of a group insurance contract (1 Appleman, Insurance Law and Practice, § 41, p. 52) and are all bound by the terms of the contract.

A certificate of insurance issued to a beneficiary, as here, is merely evidence of insurance, not the contract (13 Appleman, *supra*, § 7528, pp. 267–269), and where, as here, the certificate is expressly made subject to the terms and conditions of the policy, the beneficiary is bound thereby, and in case of any conflict or ambiguity, the policy controls (*Fernekes v. CMP Ind.*, 13 N Y 2d 217; *Seavers v. Metropolitan Life Ins. Co.*, 132 Misc. 719).

The certificate received by respondent contained an exclusion for benefits provided by any other employer group plan. Thus, appellant does not rely on the amendment for it simply elaborated on the provision of the certificate and gave appellant a right of recovery.

The public policy of New York with regard to this type of insurance policy is expressed in section 161 of the Civil Service Law. Subdivision 2 of that section specifically provides that "such health insurance shall not include * * * expenses to the extent of benefits provided under any employer group plan other than this plan". Appellant's contractual provisions against nonduplication of benefits are no more than a reiteration of the statutory mandate.

Subdivision 3 thereof provides, in pertinent part, that: "The health insurance plan shall be designed by the president * * * (2) to include reasonable controls, which may include deductible and coinsurance provisions applicable to some or all of the benefits, to reduce unnecessary utilization of the various hospital, surgical and medical services to be provided and to provide reasonable assurance of stability in future years of the plan".

The nonduplication of benefits provision appears to be one type of control envisioned by this statute. As appellant points

out, the premium rate paid by the State for such insurance is determined by its claims experience and any provision which has the effect of reducing rates while assuring full compensation to the employee, would seem to be in accord with New York's public policy.

Respondents' right of recovery was limited to the amount of $342 and accordingly appellant is entitled to $667.92 as excess benefits paid.

The order should be reversed, on the law and the facts, and motion granted, without costs.

HERLIHY, P. J., REYNOLDS, COOKE and SWEENEY, JJ., concur.

Order reversed, on the law and the facts, and motion granted, without costs.