Henry J. Kalinowski, J.
This action was submitted on this agreed statement of facts:
The plaintiff, Patrick J. Dina, an employee of United States Freight Company, was a member of a group insurance plan through his employer. Periodically, a sum of money was withheld from the plaintiff’s salary to pay for his share of coverage under said group plan. The carrier for the group plan was the defendant, .¿Etna Life Insurance Company, Hartford, Connecticut.
Under the group plan the plaintiff’s wife was considered to be a dependent and was entitled to the stated benefits. The plaintiff’s wife, Agnes Dina, was employed by another employer and was covered as a policyholder under a group health insurance policy. Under the terms of that policy, Mrs. Dina was the primary insured and her husband was considered a dependent.
On August 5,1967 the plaintiff and his wife sustained personal injuries as a result of an accident which occurred in Darien, Connecticut. The total medical expenses for both plaintiff and his wife amounted to the sum of $929.09, the exact breakdown of which is contained in the verified bill of particulars. This total amount was paid by the plaintiff’s wife’s group health insurance policy.
The plaintiff made claim against the defendant herein for the same medical expenses under the terms of his group policy, which claim was refused by the defendant, citing, in essence, a clause in the policy which is entitled 1 ‘ Provision for Coordination of Benefits Under the Croup Policy with Other Benefits ”, and which is set forth on page 17-18 of the group policy. The clause purports to grant the insurer an offset as to coverage under its plan to the extent that there is other similar coverage in effect by the policyholder. It was the defendant’s contention that since the wife’s group health insurance paid all of the medical expenses, it was not liable to the policyholder for any further payments.
Judge Cakdozo stated in Bird v. St. Paul Fire & Mar. Ins. Co. (224 N. Y. 47, 51 [1918]), with respect to insurance policies: “ Our guide is the reasonable expectation and purpose of the ordinary businessman when making an ordinary business contract. It is his intention, expressed or fairly to be inferred, *99 that counts So it must be with respect to the case before us.
Looking first at the language of the policy itself, it is obvious that the wording, as well as the intent of the policy, is to save the insured harmless against certain losses, medical expenses. The provision entitled ‘ ‘ Provision for Coordination of Benefits Under the Group Policy with Other Benefits,” in paragraph C(2), unequivocally states that the benefits payable under the policy in question in the absence of the provision shall be reduced so that the sum of such reduced benefits and all the benefits payable under all other plans shall not exceed the total of the allowable expenses. Clearly this is an intent to prevent the insured from recovering more than is necessary to make him whole.
Further, in paragraph F, “ Bight of Becovery ”, the contract provides that if the defendant company paid out more than “ necessary at that time to satisfy the intent of this provision, the Insurance Company shall have the right to recover such payments ”. Therefore, it is again expressed to be the intent of the policy to permit recovery only once and for no more than the amount of the loss.
In plaintiff’s brief it is stated that ‘ ‘ Under the terms of the Group Insurance Policy the intent was clearly that the insured should not be the Oponer of two overlapping policies ”. (Emphasis supplied.) With this sentence, upon which all of plaintiff’s contended ambiguity rests, the court must disagree. The intent clearly refers to other policies under which the plaintiff is a beneficiary. “ Plan ” is defined as “ any plan providing benefits ”. There is nothing in the policy to indicate that it applies to ownership only. Even the title refers to “ Other Benefits ” — not ownership.
“ The rule requiring strict construction against an insurer is not one which compels a construction against an insurer merely because it is a possible construction and strict in effect. Thus, Couch writes of the rule (1 Couch, Insurance [2d ed.], § 15:73, p. 782): 1 A better statement is that if an insurance contract is so drawn as to be equivocal, uncertain, or ambiguous, and to require interpretation because fairly susceptible of two or more different, but sensible and reasonable constructions, the one will be adopted which, if consistent ivith the objects of the insurance, is most favorable to the insured.’ ” (Emphasis added.) (Wyman v. Allstate Ins. Co., 29 A D 2d 319, 322-323, mot. for Iv. to app. den. 22 N Y 2d 646.)
In Wyman (supra) the court had to interpret the meaning of “ other insurance ” in plaintiff’s contract. Plaintiff had therein argued that “other insurance” referred to other insurance *100 obtained by the insured. The court would not so restrict the term:
“ The plaintiff’s construction, however, would lead to a result inconsistent with the object of the insurance, one that an average reader of the policy would not expect of its terms. She would so read the policy that an insured would be able to have the same expense satisfied twice. Under a policy protecting against 1 expense ’ losses, she would be able to show a positive gain.” (Wyman, supra, pp. 324-325.)
Similarly, in this case, the plaintiff reads into the definition of ‘1 Plan ’ ’, the clause ‘ ‘ owned by the insured ’ ’. The term ‘ ‘ Plan ’ ’ as used in the contract means any plan whereby the insured derives similar coverage, whether as owner or as beneficiary. To hold otherwise would violate the policy of the courts to prevent double recoveries and avoid unjust enrichment. (Silinsky v. State-Wide Ins. Co., 30 A D 2d 1, 5.)
Judgment is, accordingly, granted the defendant.