## 51866. BARKER v. COASTAL STATES LIFE INSURANCE COMPANY.

MARSHALL, Judge.

In this appeal the insured appellant contests the validity of a "co-ordination of benefits" provision in an insurance policy. Appellant's husband incurred substantial medical expenses for the treatment of cancer from which he eventually died. Her husband was an employee of Lummus Industries and was covered under a group health insurance policy issued by Blue Cross-Blue Shield to that employer. Upon her husband's death, appellant filed a claim for his medical expenses under that policy and the bulk of the claim was paid, less exclusions and limitations within the policy. Her husband was also covered as a dependent under the

family protection provisions of her own employer's group insurance policy issued by appellee herein. She filed a claim under this policy for the full amount of the medical expenses. Appellee denied the claim, in part, asserting that the standard "coordination of benefits" provision in the policy limited its liability to the excess of expenses covered by any other insurance.[1] Appellee paid part and offered to tender part of the amount which it claimed was the excess of those expenses paid by Blue Cross-Blue Shield.

Appellant brought her complaint in a class action against appellee for the full amount of her husband's medical expenses contending that the "co-ordination of benefits" clause was invalid for reasons that it "intends to defeat and lessen competition among insurance companies and therefore encourage monopoly . . ."; was an "unfair method of competition and unfair and deceptive acts of practice in the business of insurance"; and

---

[1] The clause provides, in pertinent part: "26 Coordination between this policy and other benefits . . . "(2) As to any claim Determination Period with respect to which this provision is applicable, the benefits that would be payable under this Plan . . . shall be reduced to the extent necessary so that the sum of such reduced benefits and all the benefits payable for such Allowable Expenses under all other Plans, . . . shall not exceed the total of such Allowable Expenses."

"Allowable expenses" are defined as customary medical expenses "a portion of which is covered under at least one of the Plans."

"Plan" is defined as "any plan providing benefits" for medical treatment by, inter alia, "Blue Cross-Blue Shield or other group . . . pre-payment service plan . . ."

There is also a provision for ignoring the benefits of "other Plans" which themselves have "co-ordination of benefits" clauses. And there is a "provision for payment" of benefits in a certain order when there are "other Plans" involved which, in effect, make the "other Plan" the primary insurer when the insured is only a dependent under this plan.

interfered with the personal property (insurance premiums) of the plaintiff and members of her class and "deprived [them] of their free enjoyment and full benefits from the policies . . . ." Appellee moved for partial summary judgment on the grounds that the complaint was not a proper class action, that the "co-ordination of benefits" provision was valid, and that appellant had no right of action for the full amount claimed. The trial court found that the provision in question was valid and enforceable and that it followed that there was no basis for the class action and "no basis for plaintiff's individual action for any amount in excess of the amounts . . . filed . . . with defendant after deducting therefrom amounts payable by Blue Cross-Blue Shield . . . ." The amounts involved were recognized by the court as being disputed by the parties and were specifically reserved for resolution by the lower court. *Held:*

The only issue in this appeal is the validity of the "co-ordination of benefits" clause. All other issues and all theories raised by appellant's pleadings, however obscure, revolve around this sole issue. For if the clause is valid, both on its face and in its application, appellee would have negated each theory raised by those pleadings and would be entitled to partial summary judgment.

Insurance, including group insurance, is a matter of contract, and the parties thereto are bound by the terms of the policy. *Parris & Son v. Campbell,* 128 Ga. App. 165 (1) (196 SE2d 334); *Cherokee Credit Life Ins. Co. v. Baker,* 119 Ga. App. 579 (1a) (168 SE2d 171). "And the certificate holder [the employee, here] is bound by the provisions of the master policy. *Moore v. Prudential Ins. Co.,* 56 Ga. App. 356, 362 (192 SE 731)." *Cherokee Credit Life Ins. Co. v. Baker,* 119 Ga. App. 579, 584, supra. See also *Metropolitan Life Ins. Co. v. Fields,* 53 Ga. App. 76 (184 SE 752).

The specific "co-ordination of benefits" clause in the policy sub judice has not been squarely subjected to review by appellate courts in Georgia, though, obliquely, a similar provision in a Blue Cross-Blue Shield policy was recently reviewed and given effect in *Feagin v. Smith,* 136 Ga. App. 21 (220 SE2d 41). In other jurisdictions, appellate courts have upheld such provisions. The

reasoning behind upholding such provisions is best set forth in Gibson v. Metropolitan Life Ins. Co., 518 P2d 422, 426 (Kan. 1974) in which the insured plaintiff attacked the validity of a clause identical to the one in the present case. In upholding the clause, the Kansas Supreme Court stated:

"That which appellants really seem to be arguing is that it just isn't fair for their coverage, for which they have contributed premiums, to be so drastically reduced, and appellee should be estopped from denying liability for the full amount of their medical expense. The elements of estoppel . . . simply do not exist. Appellants also overlook the fact insurance is a matter of contract and the parties have the right to employ whatever terms they wish, and courts will not rewrite them, so long as those terms do not conflict with pertinent statutes or public policy. Manifestly, in any type of insurance the amount of the premium is correlated with the amount of coverage provided. Lower premium rates have always characterized group insurance contracts as compared to those for individual policies (1 Appleman, Insurance Law and Practice, § 41).

"Viewed from the standpoint of public policy we see nothing unjust or wrong in the clause of which appellants complain. The general purpose of the particular coverage is to indemnify the insured for medical expenses resulting from accident and sickness. The precise question is one of first impression with us; however, other courts have dealt with it in the same or analogous situations. Although the language may vary it is not uncommon to find provisos in group policies limiting or reducing the coverage where the loss incurred is payable from other sources as those mentioned in the coordination of benefits clause under consideration here. Generally those provisos are enforced by the courts (see, e.g., McKay v. Equitable Life Assurance Society of U. S., 421 P.2d 166 (Wyo.); Medical-Dental Service, Inc. v. Boroo, 92 Idaho 328, 442 P.2d 738; Metropolitan Life Insurance Company v. Smith, 3 Conn. Cir. 169, 209 A.2d 693; Dina v. Aetna Life Ins. Co., 65 Misc. 2d 97, 316 N.Y.S.2d 654; Blue Cross v. Ayotte, 35 A.D.2d 258, 315 N.Y.S.2d 998; see, also, anno. 81 A.L.R.2d 927, 936-937). Reasons mentioned for the

results reached include the intent expressed in the policy by such a clause as that under consideration to: Prevent the insured from recovering more than is necessary to make him whole (Dina); keep premium rates as low as possible while assuring full compensation to the group policy holder (Ayotte); reimburse employees for their medical expenses and not to enable them to make a profit out of being ill by obtaining multiple benefits for the same expenses, thereby encouraging malingering (Smith)."

For these reasons the trial court properly upheld and enforced the clause in this policy.

*Judgment affirmed. Pannell, P. J., concurs. Evans, J., concurs in the judgment only.*

ARGUED MARCH 1, 1976 — DECIDED MARCH 18, 1976.

*Waldrop & Williams, Luis C. Garcia, Peter G. Williams,* for appellant.

*Hatcher, Stubbs, Land, Hollis & Rothschild, Howell Hollis,* for appellee.