Felice K. Shea, J.
This is an action by New York Hospital for services in the amount of $3,045.10 rendered to defendant Edward Maisky, Jr. ("Maisky”). Defendants Maisky and his father have impleaded the Health and Welfare Fund of the Provision Salesmen and Distributors Union, Local 627 ("the Union”), alleging that Maisky is a covered dependent under the terms of the Union’s group health insurance plan. The plaintiff hospital is conceded by all parties to have a meritorious claim against defendants. The issue, submitted to the court on an agreed statement of facts, is whether third-party defendant is liable to third-party plaintiffs.
The court must decide first a threshhold question of jurisdiction. Although none of the parties herein challenged the court’s jurisdiction to adjudicate this dispute, it is well settled *223 that subject matter jurisdiction "cannot be conferred upon the court by any consent or stipulation of the parties.” (Robinson v Oceanic Steam Nav. Co., 112 NY 315, 324.)
In a recent case which raised the question whether a dependent child was covered by her father’s union health insurance plan, the Civil Court of the City of New York, Bronx County, held that "the determination as to whether or not the daughter is a covered dependent under the plan is not within the jurisdiction of the Civil Court. The nature of this action has been held to be an action to declare and enforce rights in a trust fund, as a purported beneficiary [citations omitted]. Therefore, the case must be transferred to the Supreme Court, Article 6, section 19 f of the New York State Constitution.” (Sommers v Horsford, NYLJ, Feb. 13, 1976, p 10, col 3.)
This court must respectfully disagree that the nature of the third-party action is equitable. While it is true that the trustees of a union welfare trust fund manage the assets of the fund and may exercise fiduciary functions with regard to over-all policy and planning, they exercise no fiduciary discretion in carrying out contractual provisions such as those upon which this action is based. The Union has contracted with Associated Hospital Service of New York (Blue Cross Plan) for hospital benefits and it is this contract, inserted verbatim into the welfare plan trust agreement, which the court must construe.
The court in Sommers v Horsford (supra) relied on two cases in support of its conclusion that a claim for health insurance benefits against a union welfare fund must be transferred to a court of equity. Matter of Heilman v Ploss (46 AD2d 658) dealt with an action for supplemental unemployment insurance benefits; in Kaminsky v Connolly (73 Misc 2d 789) the claim was for pension benefits. In these two cases, and in the older pension cases (e.g., Milberg v Nagler, 17 Misc 2d 893; Hoffman v Nagler, 206 Mise 623), it would appear that the union welfare plans were privately funded. To the extent that it was necessary to review fiduciary discretion under the facts of those cases, they may be sound law. No reason exists, however, to extend the doctrine to claims against a union welfare fund for benefits which are funded by insurance.
Where a union welfare fund purchases insurance for the benefit of union employees, questions of construction of the contract of insurance are cognizable in a court of law. In *224 Smith v Boer (45 Misc 2d 338) the Civil Court of the City of New York determined which of two provisions in a union trust agreement governed the claim of the beneficiary of a deceased union member to recover the proceeds of a group life insurance policy. In Pasko v Cuba (33 Misc 2d 350) plaintiff’s intestate brought suit in the former Municipal Court to enforce the terms of a life insurance policy against union welfare fund trustees who had sole power to approve the application. The court held (p 352): "The union’s claim that the court has no jurisdiction is without merit. Plaintiff’s intestate, as a third-party beneficiary, may institute suit under the collective bargaining contract and need not resort to a court of equity.” (See, also, Soto v International Organization of Masters Mates & Pilots of Amer., 74 Misc 2d 355; Krohn v Steinlauf, 22 Misc 2d 365.)
In essence, third-party plaintiffs are bringing suit upon a collective bargaining agreement which provides hospital insurance benefits. The union member and his covered dependents are also third-party beneficiaries of the group insurance contract and are entitled, if they choose, to sue Blue Cross directly. (Blue Cross of Northeastern N.Y. v Ayotte, 35 AD2d 258; 1 Appleman, Insurance Law and Practice, § 41, p 52.) The fact that the union welfare fund is administered by trustees does not change the true nature of the proceeding.
The traditional rationale for the doctrine that an action for breach of contract may not be maintained against a trustee in a court of law is that a jury might be called upon to decide complicated questions involving the conduct of a trustee in the administration of a trust. (3 Scott, Trusts [3d ed], § 197.2.) This reasoning has no application to the case at bar where the issue is insurance coverage, not fiduciary discretion. Furthermore, since no issues of fact remain to be tried, and no jury was requested in any case, transfer of this matter to a court of equitable jurisdiction could serve no useful purpose. Unless compelling reasons are present, principles of sound judicial administration proscribe transfers which use the time of nonjudicial personnel, cost money and cause delay.
The court, then, holds that it has subject matter jurisdiction and turns to a consideration of the undisputed facts.
Maisky’s father is a union member who is eligible for union welfare benefits. Maisky was born on April 30, 1953 and suffered from congenital heart disease, causing him to be absent from school for extended periods of time and to fall *225 behind his schoolmates. Between June 4 and June 9, 1973, he was hospitalized for heart surgery and the implanting of a pacemaker. At the time hospital services were rendered, Mai-sky was 20 years old, a full-time student in his last year of high school, unmarried, dependent on his father and living at home with his family.
The Union denied liability for Maisky’s hospital expenses, claiming that he was not a covered dependent under the terms of the Union’s welfare plan. The health and welfare fund booklet describing health, dental and life insurance benefits available under the union welfare plan defines eligible dependent child as follows:
"(b) each unmarried child of an Eligible Member through the end of the calendar year in which his 19th birthday occurs; except, however, the child will continue to be eligible until he reaches his 23rd birthday if he
"(1) is dependent upon the Eligible Member for support and maintenance; and
"(2) has the same permanent residence as the Eligible Member; and
"(3) is an unmarried, registered, full-time student working toward a degree at an accredited college or university.”
In addition to the booklet containing the definition above, Maisky’s father received a health and welfare fund booklet with the legend "Supplemental Benefits” on the cover, which described health insurance available under Group Health Incorporated ("GHI”). This booklet refers to coverage for dependents as follows: "When your child reaches the end of the calendar year in which he becomes 19 years old or 23 years old (if he is a full time student) he may convert to GHI’s Direct Payment Semi-Private Plan.”
The Union argues that since Maisky was 20 years old at the time he underwent surgery and was not a full-time student at an accredited college or university, he does not qualify as an eligible dependent. The Union submits that the definition of "dependent” is clear and unambiguous and that since Maisky was attending high school, and not college, liability for the hospital bill should not attach. The Union maintains that the supplemental benefits booklet has no application to hospital insurance but refers only to medical and surgical benefits.
Maisky contends that the definition of "dependent” in the health and welfare plan booklet, supra, is ambiguous; that the *226 definition of dependent in the supplemental benefits booklet requires only that a dependent over 19 years old be a full-time student without requiring that he be a college student; that the court must consider both booklets; and that any ambiguity must be resolved against the Union and the insurer. Maisky apparently reasons that if the Union had meant to exclude full-time high school students between the ages of 19 and 23, it should have said so.
The court finds a degree of plausibility to Maisky’s argument that when both booklets are read together, it is not clear whether a dependent need be a full-time college student or merely a full-time student. While it is true that the supplemental benefits booklet does not specifically cover hospitalization insurance, it would be understandable for the average union member to assume that the word "dependent” would have the same meaning for hospitalization insurance and for medical and surgical insurance.* It is axiomatic that an ambiguous insurance contract is to be construed against the insurer. (Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co., 34 NY2d 356; Bronx Sav. Bank v Weigandt, 1 NY2d 545; Morris v Government Employees Ins. Co., 77 Misc 2d 1057, affd 47 AD2d 1001.)
The solution to this dispute does not rest alone on whether or not ambiguity exists in the wording of the Union’s welfare plan booklets. The court must look to the intent and purpose of the insurance coverage and ascertain the meaning behind the words.
Here, the reason for providing medical and hospital insurance for young people between 19 and 23 has no relationship to whether they are in college or high school. By restricting coverage to those students who attend school full time, who are financially dependent on the union member, who have the same residence as the union member and who are unmarried, it is evident that the purpose is to provide coverage for the student who would not be expected to have access to group health insurance coverage of his own. The medical expenses of such a student normally can be expected to be an obligation of *227 the union member. Whether the young person is attending high school or college is immaterial — if anything, the average high school student is even more dependent on his family, physically, financially and emotionally, than a college student of the same age.
It is clear also that the age chosen as the demarcation line —the end of the year in which the child turns 19 — was fixed to allow children to finish high school while covered by their parent’s health insurance. Surely no gap in coverage could have been contemplated for children who go from high school to full-time college attendance.
No other case has been found in which a claim for hospital insurance has been made for a dependent 20-year-old high school student, and it can be inferred that this is an unusual situation. Paying this claim would not be likely to open the flood gates to a host of similar claims. The court also notes that the very illness which is the basis for the claim herein is the cause for Maisky’s delay in finishing high school, and that at the present time, he is attending college. Were Maisky and his father to be compelled to shoulder the burden of the hospital bill herein, Maisky’s financial ability to attend college might be jeopardized — a result which hospitalization insurance was designed to avoid.
The court concludes that Maisky is a covered dependent within any reading of the contract which fairly takes into consideration its underlying purpose.
Accordingly, judgment is awarded to plaintiff against defendants in the sum of $3,045.10, plus interest as demanded, and judgment is awarded over to third-party plaintiffs against third-party defendant in the same amount.

 Neither the group contract with GHI nor the group contract with Blue Cross is before the court in this action which has been submitted on agreed facts. The court need not consider whether the booklets or the terms of the group contracts would control in the event that the definitions of "dependent” were at variance. (See Blue Cross of Northeastern N.Y. v Ayotte, 35 AD2d 258; Avco Installment Sales Co. v Edge, 83 Misc 2d 1011; Ann 50 ALR3d 1270.)