## FOURTH DEPARTMENT, MAY, 1978

### (May 19, 1978)

■ HAROLD DUDLEY, Appellant-Respondent, v BLUE CROSS, Also Known as ROCHESTER HOSPITAL SERVICE CORP., et al., Respondents-Appellants.— Order unanimously affirmed, without costs. Memorandum: Supreme Court properly denied the motion of defendants Blue Cross also known as Rochester Hospital Service Corporation and Blue Shield also known as Genesee Valley Medical Care, Inc., and cross motion of plaintiff, Harold Dudley, both of which had sought summary judgment. On September 7, 1974 plaintiff's son, Michael Dudley, was severely injured in an automobile accident. As a result of the accident Michael Dudley was hospitalized for 215 days at Strong Memorial Hospital where he incurred expenses of $67,948.51. The hospital bill received from Strong Memorial Hospital showed a balance of $911.31 which plaintiff thereafter paid and indicated a Blue Cross credit of $67,037.20. In 1974 plaintiff was an employee of the United States Government and a subscriber to the Blue Cross, Blue Shield Federal Employee Program. Under the terms of the contract Michael Dudley was a covered family member. After being informed that plaintiff had been paid $50,000 from General Accident Group for first-party benefits under the New York Comprehensive Automobile Insurance Reparation Act, Blue Cross invoked the double coverage provision of the contract and reduced its credit to $18,651.70. The hospital revised its final statement and billed plaintiff for the balance of $48,385.50. Plaintiff thereupon commenced an action for breach of contract seeking damage of $100,000. Blue Cross, as an affirmative defense, pleaded that "Article XIV—Coordination of Benefits with Group Coverage" of the contract under which plaintiff is maintaining this action prevents defendant from paying plaintiff for services for which payment has already been made and moved for summary judgment. Plaintiff cross-moved for summary judgment in the amount of $48,385.50 and in the alternative cross-moved for partial summary judgment in the amount of $9,730.30. Supreme Court denied summary judgment to either party. On this appeal plaintiff asserts that the defendants' contention that their coverage was secondary to that provided by the no-fault law at the time of the accident was not in accordance with New York law and that plaintiff is at least entitled to partial summary judgment for $9,730.30, the alleged difference between the total expenses incurred for care of Michael Dudley since the date of the accident and the total payment made by the defendants and the no-fault carrier. We find that defendants' "Coordination of Benefits with Group Coverage" clause is not prohibited by New York State law and in fact such provisions are consistent with the policy of this State to co-ordinate benefits and avoid overinsurance or duplication of coverage (Blue Cross of Northeastern N. Y. v Ayotte, 35 AD2d 258; 11 NYCRR 52.16 [e]). The validity of the nonduplication of coverage clause does not, however, require

that summary judgment be granted to defendant. Pursuant to this clause Blue Cross need not pay for medical and hospital expenses for which the subscriber has been reimbursed by his no-fault carrier. The record before us does not provide a sufficient basis upon which a determination can be made as to how much of the $50,000 no-fault payment was for medical expenses. In view of the material question of fact, summary judgment was properly denied. (Appeals from order of Monroe Supreme Court—summary judgment). Present—Marsh, P. J., Moule, Cardamone, Dillon and Witmer, JJ.