■ ERNEST HOLZBERG, Appellant, v MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Respondent. — In an action, *inter alia,* for a judgment declaring the rights of the parties under an insurance contract, plaintiff appeals from an order of the Supreme Court, Westchester County (Gurahian, J.), entered December 20, 1983, which, *inter alia,* granted defendant's motion for summary judgment.

Order modified, on the law, by adding a provision thereto declaring that defendant has no liability to plaintiff under policy number WA-9030. As so modified, order affirmed, without costs or disbursements.

The individual major medical policy in issue expressly permitted the defendant to decline renewal under specified conditions, which have been met, and since it provides that "[a]n Eligible Medical Expense shall be deemed to be incurred as of the date of the treatment giving rise to the charge or as of the date of purchase of the supply or service covered by the charge", defendant can have no liability for expenses incurred after the policy has expired.

Unlike *Danzig v Dickman* (53 NY2d 926), the policy in issue is not ambiguous and its terms must be given effect as written (*Government Employees Ins. Co. v Kligler,* 42 NY2d 863). Plaintiff has been deprived of no vested rights under the expired policy.

Moreover, plaintiff knowingly and voluntarily entered into a new contract which provided for a coordination of benefits with Blue Cross/Blue Shield. What plaintiff thus seeks is the right to recover for the same expense from two sources which, in our

view, is inconsistent "with the policy of this State to co-ordinate benefits and avoid overinsurance or duplication of coverage" (*Dudley v Blue Cross,* 63 AD2d 813).

Rather than simply granting summary judgment, however, a declaration should have been made in defendant's favor (see *Lanza v Wagner,* 11 NY2d 317, 334, app dsmd 371 US 74, cert den 371 US 901) and we modify accordingly.

The remaining causes of action were properly dismissed because plaintiff has not provided defendant with the "proof of loss" required by the policy (*Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.,* 53 NY2d 835; *Bulzomi v New York Cent. Mut. Fire Ins. Co.,* 92 AD2d 878). Titone, J. P., Bracken, Boyers and Lawrence, JJ., concur.