■ DONALD C. ADRIAN, Appellant, v KEMPER GROUP, Also Known as KEMPER GROUP, INC., Respondent.—Mahoney, P. J. Appeal from an order of the Supreme Court (Bradley, J.), entered January 23, 1989 in Sullivan County, which, *inter alia,* granted defendant's motion to dismiss the complaint.

Plaintiff, an obstetrician and gynecologist, alleges that on August 15, 1972, he purchased group accident-health insurance from Lumbermens Mutual Casualty Company, a corporate member of defendant.* He further alleges that in August 1974, he sustained injuries to his right hand which incapacitated him from practicing medicine until March 1975. During that period of disability, plaintiff was paid in accordance with the terms of the policy. After resuming his practice, plaintiff was again incapacitated on August 17, 1981 and was caused to terminate his practice due to permanency of hand injuries directly related to the accident of August 1974. Monthly insurance benefits were paid from August 17, 1981 to September 15, 1986, when such payments were terminated.

Thereafter, plaintiff commenced this action, wherein he demanded that defendant be required to pay him the sum of $800 per month from October 15, 1986 to the time of the commencement of the action and thereafter during the period he was unable to work. Defendant moved to dismiss the complaint for failure to state a cause of action. Plaintiff crossmoved for summary judgment. Supreme Court granted defen-

---

* The holder of the master insurance policy was the American Professional Practice Association Group Insurance Fund, of which plaintiff was a member.

dant's motion to dismiss and denied plaintiff's cross motion. This appeal by plaintiff ensued.

We affirm. As required by Insurance Law § 3221 (a) (6), defendant issued a certificate to plaintiff that recited that the person whose name is endorsed thereon "is insured under and subject to all the exceptions, conditions, limitations and other terms of the Group Policy identified in the Schedule, said Policy having been issued to the Holder named in the Schedule". Part 1 of the certificate, entitled "Monthly Accident Indemnity", states in pertinent part that where, as here, an insured sustains a period of total disability which is the same as, or related to, the causes of any prior period of total disability for which monthly payments were made, any such subsequent period of disability shall be considered as a continuation of the prior period "but in no event shall the benefits payable for such subsequent periods of disability exceed in the aggregate the Indemnity Period Limit for Sickness as stated in the Schedule applicable to the Insured", in this case five years. It is clear that plaintiff received monthly indemnity for the initial period of disability and then for the later period covering a similar disability, six years later, totaling a period of five years of monthly indemnification.

Contrary to plaintiff's contention, we find no ambiguity which would compel us to resolve the pertinent issues against the insurer. The words of the policy under examination have a definite and precise meaning concerning which there is no reasonable basis for a difference of opinion (see, e.g., Breed v Insurance Co., 46 NY2d 351, 355). In any event, this court stated in Blue Cross v Ayotte (35 AD2d 258, 260) that where, as here, "the certificate is expressly made subject to the terms and conditions of the policy, the beneficiary is bound thereby, and in case of any conflict or ambiguity, the policy controls".

Order affirmed, with costs. Mahoney, P. J., Kane, Weiss, Mercure and Harvey, JJ., concur.